## DURDEN v. BARNETT & HARRIS.

1. A father may sue in case for an injury done to an infant child (then living with and engaged in his service) by dogs, permitted by the defendants to run at large, after a knowledge that such dogs were accustomed to bite mankind.

Writ of error to the Circuit Court of Montgomery County.

ACTION in the case by Durden against Barnett & Harris. The declaration avers that the defendants wrongfully and injuriously did keep, and carelessly and negligently did permit certain hound dogs, from ten to twenty in number, to run at large, well knowing the said hound dogs then were used and accustomed to attack and bite mankind: which said hound dogs afterwards, and whilst the defendants so kept the same as aforesaid, did attack and bite one J. S. D., an infant son of the plaintiff then living with and engaged in his service, *per quod servitiam amisit;* and was also put to great expense, to wit, five hundred dollars, in the necessary healing of the said J. S. D. The defendants demurred, and the Court gave final judgment thereon in their favor. This is the only error assigned.

COCKE, for the plaintiff in error, cited 3 Black. Com. 141–2, notes 27, 29*; 1 Chitty's Plead. 50; Bac. Ab. 594, title Master and Servant; Cro. El. 55, 770; 3 Coke 38; Weedon v. Timbrell, 5 Term, 357; 5 East. 45, 221; Hall v. Hallender, 4 B. & C. 460; Trimble v. Spiller, 7 Monroe.

HARRIS, contra.

GOLDTHWAITE, J.—There can be no question, at this day, that an action on the case is the proper remedy when an

22

injury has been sustained from the act of any mischievous animal. [1 Chitty's Plead. 137.] So also it is the proper action to redress an injury to the relative rights of individuals : at all events where the act causing the injury is not accompanied with force. [Ib. 139.]

It is said the owner of domestic animals, not necessarily inclined to commit mischief, such as dogs, horses, &c., is not liable for an injury committed by them, unless it can be shown that he previously had notice of the animals mischievous propensity; or, that the injury was attributable to some neglect on his part. [Smith v. Pelah, Strange, 1264; Burk v. Dyson, 4 Camp. 198.] From this it would seem to follow that it was necessary to alledge and prove a *scienter*.

We have examined the declaration demurred to, and find it is alledged that the animals causing this injury, were accustomed to bite mankind; that this propensity was known to the defendants; and that, notwithstanding, they so negligently kept them that the injury resulted. This we should consider as entirely sufficient, if the suit was for the redress of a personal injury. The same rule applies when the action is for an injury to the relative right of the father, who must be considered as entitled to the services of an infant child residing with him. Even if the child was of very tender years, so as to be incapable of rendering any useful services, the action would doubtless lie, if averments were made of consequential injury, by expenses caused in healing the wounds; and perhaps, also, for the deprivation of its society.

Judgment reversed, and cause remanded.