WILLIAM G. PHILLIPS v. AUSTIN P. WATERHOUSE.

*Liability on bond in replevin.*

There is no liability on a replevin bond without proof of execution in the action; the judgment should also be put in evidence.

Error to Montcalm. Submitted January 14. Decided January 28.

ACTION on bond in replevin. Defendant brings error.

*E. A. Maher* for plaintiff in error.

*Adelbert E. Bolster* for defendant in error.

GRAVES, J. Waterhouse sued Phillips by attachment on a bond in replevin previously made to him by Phillips and one Catharine Woodell in a suit by the latter against Waterhouse in justice's court. In this action on the bond, which was also in justice's court, Waterhouse recovered, and the circuit court affirmed the judgment on certiorari. Phillips then brought error. Several questions are mooted in the record which will not be noticed. It will be sufficient to refer to a single point.

The return of the justice shows what evidence he had before him and all of it, and it thence appears that no judgment was introduced and no execution in replevin shown. An execution was put in evidence, but it is an execution for damages "sustained on occasion of the non-performance of certain promises and undertakings," and does not purport to be in tort. Under the statute an execution in the action is required to fix liability on the replevin bond, and here there was no such execution. This is a fatal defect as ruled in *Williams v. Vail,* 9 Mich., 162. The record discloses that besides this execution foreign to the case no other proof was put in except the bond. Hence there was a total lack of evidence.

40 MICH.—35.

We do not inquire whether proof of a judgment in replevin was a necessary prerequisite. It would certainly be much safer to make the proof than to omit it.

The judgment of both courts must be reversed with costs.

The other Justices concurred.