# Ernst Bros. *v.* Hogue.

*Action on Replevin Bond.*

1. *Replevin bond given by plaintiff in detinue; when action lies on.*—In detinue, or the statutory action in the nature thereof, if the plaintiff has obtained the possession of the property at the commencement of the action, and afterwards dismisses his suit, it is the duty of the court to have the alternate value of the property assessed by a jury, with the value of the hire or use thereof, and to render judgment against him, in favor of the defendant, for these amounts (Code, p. 603, note); but the rendition of this summary judgment is not necessary to authorize or sustain a common-law action on the replevin bond, under which plaintiff acquired the possession of the property.

2. *Conclusiveness of judgment in detinue, as to ownership of property.* In detinue, or the statutory action in the nature thereof, a judgment against the plaintiff, on the merits, is conclusive as to the ownership of the property, in a subsequent action on his replevin bond; but a voluntary nonsuit, or judgment of dismissal, not followed by a summary judgment for the assessed value of the property, does not conclude the obligors on such replevin bond, when sued on the bond, from proving the plaintiff's ownership of the property in mitigation of damages, though not in bar of the action.

3. *Pendency of another suit; when pleadable in abatement.*—The pendency of another suit between the parties, founded on the same cause of action, is not good matter for a plea in abatement, when the former suit or proceeding is void on its face.

APPEAL from the Circuit Court of Hale.

Tried before the Hon. JOHN MOORE.

This action was brought by John J. Hogue against the appellants, merchants and partners in trade, with A. Lawson; was commenced on the 1st March, 1888, and was founded on a replevin bond, executed by the defendants, which, after reciting that said Ernst Bros. had commenced an action of detinue against said Hogue, on the 19th April, 1887, for the recovery of two mares and a colt, and that the defendant had failed to give bond, as authorized by law, in order to retain the possession of said property, was conditioned as follows: "Now, therefore, if the said Ernst Brothers, plaintiffs in said suit, shall deliver the said property to the said John J. Hogue, the defendant in said suit, within thirty days after judgment, together with damages for the detention of said property and costs of suit, in case they shall fail to recover the same in said suit, then this obligation to be void," &c. The complaint alleged, as a breach or breaches of this bond,

that said Ernst Brothers failed to recover in said detinue suit, and failed to deliver the property to said Hogue within thirty days after the rendition of judgment against them, and failed to pay the damages for the detention of said property. The defendants filed a plea in abatement, alleging the pendency of another suit between the parties founded on the same cause of action; said plea, as amended, averring that Hogue, the plaintiff in this action, after the expiration of thirty days from the judgment of dismissal in the detinue suit, had induced the sheriff to make an indorsement of forfeiture on said bond, on which a summary execution was thereupon issued against the obligors, and that they had filed a petition for the *supersedeas* of said execution, which proceeding was pending when this action was commenced. The court sustained a demurrer to this plea, and the defendants then demurred to the complaint, on the ground that it did not show the rendition of such a judgment as authorized an action on the bond. The court overruled the demurrer, and the defendants then filed several pleas in bar, in substance—1st, *nil debet;* 2d, that plaintiff was never damnified by reason of the bond, or of any thing stated in the condition thereof; 3d, that if he was ever damnified in any way, it was by reason of his own wrong, and through his own fault; 4th, that the detinue suit was dismissed, and the property sued for was delivered to and taken by the plaintiffs in that action, by and with the consent of the defendant, who is the plaintiff in this action, and that this was done in full satisfaction and discharge of said bond; 5th, that the property sued for belonged to said Ernst Brothers when it was seized by the sheriff, and has ever since belonged to them; 6th, estoppel. Issue seems to have been joined on all of these pleas.

On the trial, as the bill of exceptions shows, the plaintiff offered in evidence the bond on which the suit was founded, and the record of the detinue suit, and proved that the property sued for had never been restored to him; also, its value, and the damages suffered from its detention. The defendants then offered in evidence a mortgage for the property, executed to them by H. B. Andrews and wife, which was dated April 24th, 1884, before the commencement of the detinue suit; and this was offered, both for the purpose of showing title in themselves at the commencement of that suit, and also in mitigation of damages. On objection by the plaintiff, the court would not admit the evidence for either purpose;

[Ernst Bros. v. Hogue.]

and the defendants excepted. The court charged the jury, "that if they found for the plaintiff, the measure of his damages was the value of the property described in the complaint, with the value of the hire or the use thereof, from the time it was seized to the time of this trial." The defendants excepted to this charge, and they here assign it as error, together with the rulings on the pleadings and evidence above stated.

Taylor & Johnston, for appellant, cited *Foster v. Napier,* 73 Ala. 603; 38 Ala. 199; 10 Ala. 958; 8 Porter, 151, 469; 3 Wend. 258; 1 Wheat. 215; *Wood v. Coman,* 56 Ala. 290; *Phillips v. Waterhouse,* 40 Mich. 273; *Savage v. Gunter,* 32 Ala. 467; *Pearl v. Gaylock,* 61 Mich. 419; *Williams v. Wails,* 9 Mich. 162; 42 Mich. 516; 80 Amer. Dec. 76; 22 Ind. 9; Wells on Replevin, §§ 448, 458; 8 Bac. Abr. 537-8, 543-6.

Thos. R. Roulhac, *contra,* cited *Savage v. Gunter,* 32 Ala. 467; *Braley v. Clark,* 22 Ala. 361; *Cooper v. Peck & Clark,* 22 Ala. 406; *Mead v. Figh,* 4 Ala. 279; *Rhodes v. Smith,* 66 Ala. 176; *Mitchell v. Ingraham,* 38 Ala. 395; *Brown v. Hamill,* 76 Ala. 506; *Roswald v. Hobbie & Teague,* 85 Ala. 73; *Easley v. Walker,* 10 Ala. 671; *Adler v. Porter,* 57 Ala. 571; *Munter v. Leinkauff,* 78 Ala. 546; *Woodfolk v. Ingraham,* 53 Ala. 14.

CLOPTON, J.—A statutory action for the recovery of personal property in specie was instituted by Ernst Brothers against appellee. The requisite affidavit having been made, and bond given, the property was seized by the sheriff, under an order for that purpose. Appellee having failed to give a replevin bond within the time prescribed, Ernst Brothers executed bond, and took possession of the property. In consequence of the subsequent dismissal of the suit, and the failure to restore possession of the property to appellee, he brings the present action upon their replevin bond.

The statute provides: "That in all actions for the recovery of specific property, in any of the courts in this State, when the property sued for is in the possession of the plaintiff at the termination of the cause, and said cause is dismissed, on motion of either party, or on plea in abatement, it shall be the duty of the court trying the same, forthwith to impanel a jury to assess the alternate value of the property, and also

the value of the hire or use thereof; and it shall be the duty of the court trying the same, to render judgment against the plaintiff, and in favor of the defendant, for such property or its alternate value, with damages for the use or hire thereof, assessed by the jury."—Acts 1886–87, p. 131. It is contended that, unless the defendant in the action asks or obtains, on the dismissal of the suit, the summary judgment provided by the statute, he must rely on the bond given by the plaintiff in the action at its commencement to obtain an order of seizure, and can not resort to the replevin bond. Counsel cite and rely on *Phillips v. Waterhouse*, 40 Mich. 273, in which it was held, that under the statute of that State, an execution in the action is required to fix liability on the replevin bond. By reference to the statute of Michigan, we find it contains an express provision, that if any writ of return, or other execution, issued in favor of the defendant in the action, shall be returned unsatisfied, he may have an action on the bond executed by the plaintiff.—How. Anno. Stat. § 8352. Our statute contains no such provision. Section 2719 of Code 1886 provides, that if, in an action of detinue, the jury find for the defendant, they must assess the value of the property, and, if in the possession of the plaintiff, assess damages for its detention; and judgment must be against the plaintiff, for the property or its alternate value, with damages for its detention. This statute was considered and construed in *Wood v. Coman*, 56 Ala. 283.

After a full review of the authorities, and consideration of the question involved, the court ruled, that, as there is nothing in the statute which confines the parties to the statutory remedy provided, they may invoke such remedy, or sue on the bond, at their election. The legislature having enacted, subsequently, a statute substantially extending the provisions of section 2719 to cases of dismissal of the detinue suit, on motion or plea in abatement, without the use of any words indicating an intention to confine the parties to the statutory remedy, we must infer that they intended that the statute should receive the same construction, which had previously been placed on that section. The summary judgment is not requisite to the right of the plaintiff to maintain the suit. If such judgment had been obtained, there would have been no necessity of a suit on the bond.

2. The main point of contention is, whether the defendants, having dismissed their detinue suit, can in this action set up ownership of the property, either as a full defense,

or in mitigation of damages. The condition of the bond is, that Ernst Brothers shall deliver the property to the defendant in the detinue suit, the plaintiff in the present suit, within thirty days after judgment, and pay damages for its detention and costs of suit, in case they fail to recover the same in the action of detinue. Appellee insists, that inasmuch as the condition was broken on failure to return the property within the thirty days after the judgment of dismissal, the liability of the obligors in the bond became absolute; and as the purpose of the statute, authorizing a plaintiff in detinue to give bond and take possession of the property, is to secure its restoration to the possession of the defendant, in case the plaintiff fails in the suit, the plaintiff here is entitled, in an action on the bond, to recover the value of the property, as the measure of compensation for the failure to restore possession. In support of the contention, counsel cite and rely on the several cases in which it has been held, that when the liability of the bondsmen, on a bond given for the forthcoming of property attached, or levied on under execution, has become fixed by demand, and indorsement of the bond "forfeited," they are estopped from denying the liability of the property to the process, and from setting up any adversary claim.—*Roswald v. Hobbie*, 85 Ala. 73. In such case, execution may be issued on the bond, against the principal and sureties. No execution can be issued on the *replevin* bond given by the plaintiff in detinue, if unsuccessful, unless the alternate value and damages for detention have been assessed, judgment rendered therefor, and the sheriff has returned on the bond the fact of failure to deliver the property.—Code, 1886, § 2721. The principle settled by the decisions referred to, is only applicable when such proceedings have been had. But the condition of the bond having been broken, plaintiff is entitled to recover, at least, nominal damages, and defendants can not set up their ownership as a *bar to the action*.

The admissibility of proof of ownership, for the purpose of mitigating the damages, depends on very different principles—on the consequences of the judgment in the detinue suit. The general rule is, if the right and title to the property is adjudicated and determined in the action, all such questions are regarded as finally settled, and the obligors in the *replevin* bond, given by the plaintiff, are estopped from setting up, in a subsequent suit thereon, title to the property for any purpose; but, if not determined and settled, they

may show ownership in mitigation of damages.—*Pearl v. Garlock*, 1 Amer. St. Rep. 603; Wells on Replevin, §§ 447, 448. The judgment of dismissal in the action of detinue was not a judgment on the merits, and, not having been followed by the summary judgment provided by the statute, did not settle the right and title to the property. It determined the right of the defendant in the suit to have the property restored to his possession; but this is the only consequence.

This question was presented and decided in *Savage v. Gunter*, 32 Ala. 467. In that case, the suit was on a replevin bond given by the plaintiffs in the action of detinue, with substantially the same condition as the bond on which the present action is founded. They took a voluntary non-suit. In the suit on the replevin bond, the trial court refused to allow the defendant to prove, even in mitigation of damages, that the property belonged to the plaintiffs in the detinue suit. It was held, that a voluntary non-suit by the plaintiffs, and failure to deliver the property according to the stipulation of the bond, constituted a breach of the condition, and estopped the obligors from asserting ownership *as a bar to* the action; but that proof of ownership was admissible in mitigation of damages. Had the plaintiff obtained, in the detinue suit, the summary judgment against the plaintiffs therein, authorized by the statute, it would have been conclusive on the question of ownership, and on the return of the sheriff of the failure to deliver the property, the bond would have had the force and effect of a judgment upon which execution could have issued. But, when the plaintiff, by reason of not having obtained such judgment, was compelled to resort to a suit on the replevin bond as a common-law bond, the amount of recovery only extends to the legal damages caused by the breach of the bond. If the property belonged to Ernst Brothers, and the plaintiff had merely a possessory interest, he is entitled to recover the damage done to such interest by the failure to deliver the property, but not its full value. Evidence as to the ownership should have been received.

3. The demurrer to the pleas in abatement was properly sustained.—*Minniece v. Jeter*, 65 Ala. 222.

Reversed and remanded.