# *Ex parte* Bolton.

## *Petition for Mandamus.*

1. *Pleading and practice; proceedings to reinstate cause on docket; mandamus.*—Where, during the trial of an action of detinue, and before final judgment on the merits the plaintiff takes a voluntary non-suit with bill of exceptions, but the value of the property and the value of the use thereof during detention is not assessed by the jury, and no order of continuance and no other proceeding is had before adjournment of the court, and the appeal is not prosecuted, the defendant in said cause is not entitled at the next ensuing term of the court to have said cause reinstated upon the docket of the court, for the purpose of having the jury assess the value of the property, together with the value of the hire or use thereof during its detention; and upon the court's refusal to grant a petition asking for such reinstatement of the cause, the defendant can not, by *mandamus,* compel the court to reinstate such cause.

The facts in the case are sufficiently stated in the opinion.

THORNTON & INGE, for petitioner.—When detinue suits are dismissed or abated and the property sued for is in the hands of the plaintiff, the defendant has either the right to sue on the replevy bond or take advantage of the rights prescribed for him in section 1482 of the Code.—*Ernst. Bros. v. Hogue,* 86 Ala. 402; *Johnson v. Montgomery Furniture Co.,* 107. Ala. 656.

Mandamus is the proper remedy.—*Jennings v. Pearce,* 99 Ala. 305; *Ex parte Woodruff,* 123 Ala. 99; *Speed et als. v. Cocke, Admr,* 57 Ala. 215; *Wilson v. Duncan,* 114 99 Ala. 305; *Ex parte Grocery Co.,* 120 Ala. 434.

HARALSON, J.—It appears that Cuthbert & Parker instituted an action of detinue in the circuit court of Mobile county, against the petitioner, John S. Bolton, for the recovery in specie of two mules; that at the spring term of the court, 1902, the trial of said cause was entered upon, and before final judgment on the merits, as the petitioner avers, the plaintiffs took a voluntary non-suit with a bill of exceptions, and that this term of the court adjourned on the 28th of June, 1902. At the fall term of said court, 1902, the petitioner, John S. Bolton, presented his petition to the said circuit court, stating in substance, that at the spring term of said court, and after the trial of said case against him by said Cuthbert & Parker had begun, the plaintiffs took a voluntary non-suit with a bill of exceptions; that the value of the property, and the value of the use thereof during the detention had not been assessed by the jury; that plaintiffs attorney presented defendant's attorney, the following day, with a bill of exceptions, and that after the adjournment of court, said attorney made known to defendant, that no appeal in the case would be taken. The petitioner, on this statement, moved the court to order the reinstatement of the cause on the docket, and that a day be set, of which plaintiffs should be notified, for the assessment of the alternate value of the property in question, and also the value of the use thereof during the time it was in the possession of plaintiffs. The petition, after consideration, was, on the 17th day of December, 1902, denied by the

court, and petitioner presents his petition here for *mandamus* to the judge of said circuit court, commanding him to reinstate said cause on the docket of said court, for the purpose of causing a jury to assess the value of the property, the subject of the said detinue suit, together with the value of the hire or use thereof.

Waiving the issuance of a rule *nisi,* the judge made answer to said petition, and in it, among other things, denies that there was ever a bill of exceptions taken in the cause, and also denies that no evidence of the value of the property sued for was offered, and states, that such evidence was offered and ruled out, on objection of defendant in that suit, the petitioner here; the objection being that the mules were the joint property of the plaintiffs and another.

Section 1482 of the Code provides: "When the property sued for is in the possession of the plaintiff, and the suit is dismissed or abated, the court shall cause a jury to assess the alternate value of the property, and also the value of the hire or use thereof during the time it was in the possession of the plaintiff, and shall render a judgment for the defendant for the recovery of the property, or its alternate value and damages for the use or hire thereof." Under this section, it was not error in the court, unless moved thereto by the defendant, to fail to cause a jury to assess the value of the property and the value of the hire or use thereof, as provided in said section. The defendant might have pursued the summary remedy authorized by the statute, or not, as he chose.—*Wood v. Coman,* 56 Ala. 283; *Ernst v. Hogue,* 86 Ala. 502, 505. It was the right of the defendant, to invoke the remedy supplied him under this statute, but he should have done so at the time of the non-suit, or at some other time during the term at which it was taken, or by procuring an order of continuance for the purposes specified in the statute. Having allowed the term to elapse without taking any steps to avail himself of the statutory remedy, he must be held to have waived his right thereto, and is not entitled to the writ of *mandamus* for which he prays.

The petition is denied and dismissed.