153 So. 254

## ALLEN v. SMITH et al.

### 6 Div. 418.

Supreme Court of Alabama.

Jan. 11, 1934.

Rehearing Denied March 15, 1934.

Jim Gibson and George Rogers, both of Birmingham, for appellant.

George Frey, of Birmingham, for appellees.

Brief did not reach the Reporter.

GARDNER, Justice.

█ █ Count A (unlike count 1, upon which the cause proceeded to trial) contained no averment as to any ferocious or vicious character of the dog, and defendants' knowledge or notice thereof. McCullar v. Williams, 217 Ala. 278, 116 So. 137; Strouse v. Leipf, 101 Ala. 433, 14 So. 667, 23 L. R. A. 622, 46 Am. St. Rep. 122.

Counsel for plaintiff insists, as to count A, that it rests for its sufficiency upon a violation of an ordinance of the city of Birmingham (Watts v. Montgomery Traction Co., 175 Ala. 102, 57 So. 471), and that, as the court takes judicial knowledge of the ordinance of said city (Gen. Acts 1915, p. 297), the substance thereof need not be set out in the complaint, citing among other authorities, Arndt v. City of Cullman, 132 Ala. 540, 31 So. 478, 90 Am. St. Rep. 922; Miles v. City of Montgomery, 17 Ala. App. 15, 81 So. 351; 43 C. J. 577, 578.

But the count in question makes no reference to the city ordinance, nor does it contain averments indicating a violation of any of its provisions, and merely charges negligence by way of conclusion without supporting facts. It may be true the ordinance need not be specially pleaded, but at least sufficient facts should be alleged to disclose a violation thereof (Kansas City, etc., R. Co. v. Flippo, 138 Ala. 487, 35 So. 457; 45 C. J. 1070), and thus put defendants on notice that plaintiff's case is governed thereby. Numerous decisions cited in the note to 45 C. J. 1092 serve to illustrate this generally accepted rule. See, also, Hood & Wheeler Furniture Co. v. Royal, 200 Ala. 607, 76 So. 965; Alabama Power Co. v. Lewis, 224 Ala. 594, 141 So. 229; Ala. Fuel & Iron Co. v. Bush, 204 Ala. 658, 86 So. 541.

In the case of Kitchens v. Elliott, 114 Ala. 290, 21 So. 965, upon which plaintiff places much reliance, the count resting upon a violation of the city ordinance made specific reference to the ordinance, stating its substance and averring facts to show a violation thereof. Upon the matter of pleading, therefore, here involved, that case is no authority in support of plaintiff's contention.

Nor is it pretended that this count (aside from the question of any city ordinance) states a cause of action. McCullar v. Williams, supra; Strouse v. Leipf, supra.

We conclude, therefore, that the demurrer to count A was properly sustained, and the judgment will accordingly be here affirmed.

Affirmed.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.