43 So.2d 404
NELSON v. UNITED STATES FIDELITY & GUARANTY CO.
I Div. 401.

Supreme Court of Alabama.
Dec. 22, 1949.

Robt. E. Hodnette, Jr., and Howell & Johnston, all of Mobile, for appellant.

Lyons, Thomas & Pipes, of Mobile, for appellee.

FOSTER, Justice.

The question on this appeal is whether it is necessary in a common law action on a forthcoming detinue bond executed by the plaintiff under authority of section 920, Title 7, Code, upon the strength of which he obtained possession of the property pending the detinue suit, to allege in the complaint that a judgment was rendered in favor of defendant for the property sued for or its alternate value. Plaintiff in this case was the obligee in the bond, defendant in the detinue suit. Upon demurrer being sustained to counts 3, 4 and 5, as they originally appeared and as they were amended, plaintiff in this suit took a nonsuit in order to review the ruling as authorized by section 819, Title 7, Code.

It appears from the briefs that the trial court entertained the view that a common law action was not available on the bond, which was a statutory bond, and contained the requirements of the statute, unless the complaint alleged that there was a judgment for the defendant for the property sued for or its alternate value ascertained, together with damages for its detention.

It is of course a true principle that a summary judgment and proceeding under section 923 or 928, Title 7, Code, would not be available unless such a judgment was rendered as contended for by appellee. But this proceeding is not for the purpose of pursuing such statutory remedy but is a common law action upon the bond

as a common law undertaking. The bond was conditioned, as alleged in these several counts of the complaint, that if the principal in the bond, whose name was Jansen "should fail in the detinue suit commenced by him against plaintiff in the Circuit Court of Mobile County, Alabama, for the recovery of one 1939 Chevrolet sedan, and should deliver said property to plaintiff within thirty days after judgment and pay damages for the detention of the property and costs of suit, then said obligation to be void otherwise to remain in full force and effect."

The breach alleged in counts 3, 4 and 5, as originally filed, was that the said Jansen "did fail in said detinue suit in that judgment therein was rendered by the court for the said Allison S. Nelson, plaintiff in this suit, and that said Leonard F. Jansen has failed or refused to deliver the property to plaintiff within thirty days after said judgment and has wholly failed to pay the damages of the plaintiff by reason of the wrongful suing out of said detinue suit."

The court sustained a demurrer to those counts and thereupon they were amended so that the breach was alleged as follows: "That the said Leonard F. Jansen did fail in said detinue suit in that he failed to secure a judgment for the property sued for or its alternate value and judgment therein was rendered by the court for said Allison S. Nelson, plaintiff in this suit, and that said Leonard F. Jansen has failed or refused to deliver the property to plaintiff within thirty days after said judgment and has wholly failed to pay the damages of the plaintiff by reason of the wrongful suing out of said detinue suit."

We do not think that there is any material difference in the allegations of those counts as amended from what they were as first filed insofar as the question here involved is concerned. We will consider the question without any detail of difference between those several counts before and after the amendment.

Reliance is had by appellee upon the case of International Harvester Co of America v. Pittman, 226 Ala. 355, 147

So. 144, to sustain the theory that in order to maintain a suit on the forthcoming bond executed by the plaintiff to the defendant in a detinue suit, it is necessary to allege that there was a judgment in favor of the defendant for the property by reason of the requirements of what is now section 921, Title 7, Code. That was not a suit upon a forthcoming bond, but the question involved was whether or not there was error in the failure to assess the alternate value of the property as required by said section 921. No such assessment was made of the value of the property and the plaintiff took the appeal, he having given the forthcoming bond. The effect of the decision is to hold that under those circumstances the plaintiff did not suffer injury by a failure to assess the value of the property. The Court did observe that the bond was not breached for a failure to deliver the property to defendant unless there is judgment in favor of defendant for the property.

 But it must be remembered that the Court was dealing with section 921, *supra,* and did not intend by that to lay down the rule applicable to all cases in a suit on a forthcoming bond made by the plaintiff. If the plaintiff dismisses the suit or it is abated, it is the duty of the court to cause the jury to assess the alternate value of the property under section 928, Title 7, Code, and render a summary judgment for defendant for the property or its alternate value. But this Court has held in a line of cases that it is optional with the defendant under those circumstances whether to pursue the summary remedy provided in section 928 or to sue on the bond. Ex parte Bolton, 136 Ala. 147, 34 So. 226; Ernst v. Hogue, 86 Ala. 502, 5 So. 738; Wood v. Coman, 56 Ala. 283. He may sue on the bond although when the suit is dismissed or is abated, no judgment for the property or its alternate value is rendered in favor of defendant. Ernst v. Hogue, supra.

We think all that is necessary to be alleged in a suit by the defendant against the plaintiff as the breach of a forthcoming bond authorized to be executed by plaintiff under section 920, Title 7, is as set forth in counts 3, 4 and 5 in this case using the language of the statute and the condition of the bond as being sufficient in which to state the breach.

If the plaintiff in the suit fails, it necessarily results that there was a judgment either in favor of the defendant or there was a dismissal or an abatement of the action. In either event, a failure of the plaintiff to deliver the property within thirty days after the judgment was a breach of his forthcoming bond, and that allegation was made in those counts of the complaint. They are therefore not subject to the demurrer interposed to them and they should have been overruled instead of sustained.

It therefore follows that the judgment is reversed, the non-suit set aside, t.e demurrer overruled and the cause reinstated and remanded.

Reversed, rendered and remanded.

BROWN, LAWSON and STAKELY, JJ., concur.