62 So.2d 245

## OWEN v. HAMPSON et al.
### 7 Div. 143.

Supreme Court of Alabama.
Oct. 23, 1952.

Rehearing Denied Dec. 18, 1952.

Young & Young, Anniston, for appellant.

230

LAWSON, Justice.

The question on this appeal is the sufficiency of each of the seven counts of the complaint tested by demurrer. The trial court sustained the demurrer to each count. Plaintiff suffered a nonsuit and has appealed, as authorized by statute, § 819, Title 7, Code 1940, separately assigning as error the sustaining of the demurrer to each count.

Plaintiff seeks to recover damages for personal injuries which he alleged he sustained when a dog owned, harbored or kept by the defendants ran at and upset the motorcycle which he was riding in a public street in the city of Anniston.

As we understand the complaint, plaintiff bases his right to recover on two theories; namely, the alleged duty of the owner or keeper of a dog to keep it out of the public streets, and on the common-law liability of the owner or keeper of a dog with known vicious or mischievous propensities.

Counts 1, 4 and 5 charge no more than that the dog was wrongfully in a heavily travelled public street and that the defendants negligently failed to keep it out of the street. Count 7 is to the same effect, the difference being that it charges that the defendants wantonly failed to keep the dog out of the street. In none of these counts is it averred that the dog had vicious or mischievous propensities which were known by the defendants.

Ordinary dogs having no vicious or mischievous propensities are free com-

Walter J. Merrill and Knox, Jones, Woolf & Merrill, Anniston, for appellees.

moners, which the owner or keeper is under no duty to keep out of the public streets in the absence of statute or ordinance so requiring. Shelby v. Seung, 144 Wash. 317, 257 P. 838; Melicker v. Sedlacek, 189 Iowa 946, 179 N.W. 197, 11 A.L.R. 259; Olson v. Pederson, 206 Minn. 415, 288 N.W. 856; Brown v. Moyer, 186 Iowa 1322, 171 N.W. 297; Herring v. Schlingler, Tex.Civ.App., 101 S.W.2d 394; 3 C.J.S. Animals, § 151, p. 1256. Merely alleging that the dog was unlawfully in the street is not tantamount to an allegation that it was there in violation of a statute or ordinance. Pelham v. Spears, 222 Ala. 365, 132 So. 886.

If the city of Anniston has an ordinance to the effect that the owner or keeper of a dog must keep it out of the public streets, the existence of such an ordinance is not alleged. We do not take judicial notice of ordinances of a city of the size of Anniston. State ex rel. Morrow v. Santa Cruz, 252 Ala. 130, 39 So.2d 786. See § 429(1), Title 7, Code 1940, 1951 Cum. Pocket Part, p. 66. But even if we did take judicial notice of the ordinances of the city of Anniston, sufficient facts should be alleged to disclose a violation of an ordinance and thus put defendants on notice that plaintiff's case is governed thereby. Allen v. Smith, 228 Ala. 278, 153 So. 254.

Section 5, Title 3, Code 1940, provides in part as follows: "Every person owning or having in charge any dog or dogs shall at all times confine such dog or dogs to the limits of his own premises or the premises on which such dog or dogs is, or are, regularly kept. * * *" But this statute also provides that its provisions do not apply in any county in this state unless such provisions are adopted by the governing body of the county. There is no averment that such action has been taken by the governing body of Calhoun County. Judicial notice will not be taken that a county has adopted a local option statute. Grider v. Tally, 77 Ala. 422; Ex parte Reynolds, 87 Ala. 138, 6 So. 335; Olson v. Pederson, supra.

Counts 1, 4 and 5 of the complaint merely charge the defendants with negligence in permitting the dog to be at a place where it had the right to be, and Count 7 simply charges that defendants were wantonly permitting the dog to be at a place where it had a right to be. These counts fail to establish a duty owing the plaintiff by the defendants not to permit the dog, of the usual and ordinary nature and propensities, to be in the street. The demurrer was correctly sustained to these counts. Pelham v. Spears, supra; Allen v. Smith, supra.

Count 2 contains averments very similar to those of Counts 1, 4 and 5, but it contains other averments which it is insisted makes it good as against the demurrer interposed. In Count 2 it is alleged, among other things: "That the defendants had knowledge of the propensity of said dog [to] run after motor vehicles and that the defendants should reasonably have anticipated that injury would result to persons traveling said public street by reason of the presence of said dog thereon."

A number of states have adopted statutes which seem to make the owner or keeper of a dog the insurer of any damage which it causes. See Netusil v. Novak, 120 Neb. 751, 235 N.W. 335. However, we do not have such a statute and the common law rule is still applicable in this state.

Our courts have dealt with suits for damages for injury inflicted by dogs where the plaintiffs have been bitten.

In the early case of Durden v. Barnett & Harris, 7 Ala. 169, 170, the rule at common law was stated thus:

"It is said the owner of domestic animals not necessarily inclined to commit mischief, such as dogs, horses, etc., is not liable for an injury committed by them, unless it can be shown that he previously had notice of the animal's mischievous propensity; or, that the injury was attributable to some neglect on his part. [Smith v. Pelah, Strange, 1264; Burk v. Dyson, 4 Camp. 198.] On this it would seem to follow that it was necessary to allege and prove a scienter."

In Strouse v. Leipf, 101 Ala. 433, 437–438, 14 So. 667, 668, 23 L.R.A. 622, it was said:

"The doctrine is well settled that the owner or keeper of a domestic animal which is vicious, and prone or accustomed to do violence, having knowledge of such violent disposition or habits, must safely and securely keep such animal, so that it cannot inflict injury. Whether or not there was special negligence in permitting the dog's escape from the premises is not the inquiry. The keeper must, at his peril, safely keep such animal. Such is the condition on which the ownership or custody of known vicious animals is tolerated. Ownership or custody of such vicious animal is not one of the natural, inherent rights of property. It is a qualified or restricted right,—qualified by the condition that the animal can be, and is, safely confined and kept. [Authorities cited.] Previous knowledge of the animal's vicious habits must be alleged and proved. But positive proof is not always necessary. It may be inferred from circumstances. But the knowledge of the vicious habits of an animal need not refer to circumstances of exactly the same kind. All that the law requires to make the owner or keeper liable is knowledge of facts from which he can infer that the animal is likely to commit an act of the kind complained of. 1 Am. & Eng. Enc.Law, p. 582, and note."

In McCullar v. Williams, 217 Ala. 278, 116 So. 137, we followed the holding in Strouse v. Leipf, supra, quoting from the opinion in that case.

The three Alabama cases to which we have just referred definitely establish that scienter must be alleged and proved. In Durden v. Barnett & Harris, supra, it was said that the owner must be shown to have had notice of the animal's mischievous propensities; while in Strouse v. Leipf, supra, and McCullar v. Williams, supra, it is said that previous knowledge of the animal's vicious habits must be alleged and proved. In Pelham v. Spears, supra,

wherein the plaintiff sought to recover damages which he claimed were caused by a cow belonging to the defendant suddenly running in front of plaintiff's automobile while it was being driven along the public highway, we observed that demurrer to the complaint was properly sustained in that it was not alleged that the cow had such propensities as would probably result in the injury charged and that said propensities were known to the owner.

■ Based on a review of our cases, as well as those from other jurisdictions, it is our opinion that the law makes no distinction between an animal dangerous from viciousness and one merely mischievous or dangerous from playfulness, but puts on the owner of both the duty of restraint when he knows of the animal's propensities. Crowley v. Groonell, 73 Vt. 45, 50 A. 546, 55 L.R.A. 876; State v. McDermott, 49 N.J.L. 163, 6 A. 653; Knowles v. Mulder, 74 Mich. 202, 41 N.W. 896; Hicks v. Sullivan, 122 Cal.App. 635, 10 P. 2d 516; Mercer v. Marston, 3 La.App. 97; Hartman v. Aschaffenburg, La.App., 12 So.2d 282.

In 3 C.J.S. § 148 c, p. 1250, under the title Animals, the rule is stated thus:

"A vicious propensity is a propensity or tendency of an animal to do any act that might endanger the safety of the persons and property of others in a given situation. Although an animal is actuated solely by mischievousness or playfulness, rather than maliciousness or ferociousness, yet, if it has a tendency to do a dangerous or harmful act, it has a vicious propensity within the meaning of the rule holding the owner or keeper liable for injuries resulting from vicious propensities of which he has knowledge."

■ Count 2 does not specifically allege that the dog had vicious, mischievous or dangerous propensities. Such averments are not necessary where facts are alleged to show the animal had a disposition to do a specified dangerous or harmful act. Graham v. Payne, 122 Ind. 403, 24

N.E. 216; 3 C.J.S., Animals, § 170 b(2), p. 1270.

The averment in Count 2 to the effect that the dog possessed the propensity to run into the public streets after motor vehicles sufficiently shows that the dog might endanger the safety of persons riding on motorcycles, bicycles or other similar conveyances. Hougland v. Snyder (Pa.Com.Pleas), 28 North. 348; Milligan v. Henderson, S.C. (Scot.) 1030, Court of Sessions, cited in Mew's Dig., 1911–15, p. 22; Robertson v. Boyce, South African, L.R.A.D. 367, cited in 2 Eng. and Emp. Dig., p. 233, note.

The averment that the defendants had knowledge of the said propensity is sufficient in this type of case. Durden v. Barnett & Harris, supra.

As said in Strouse v. Leipf, supra, "All that the law requires to make the owner or keeper liable is knowledge of facts from which he can infer that the animal is likely to commit an act of the kind complained of." The averments of Count 2 meet this requirement.

We are of the conclusion, therefore, that Count 2 of the complaint sufficiently alleges that the dog was possessed of a vicious or mischievous propensity and that the defendants had knowledge of that propensity. We are constrained to the conclusion, therefore, that the trial court erred in sustaining the demurrer to Count 2.

Count 3, in our opinion, was subject to the demurrer, for it does not sufficiently allege that the defendants had knowledge of the vicious or mischievous propensity of the dog. It is alleged "that the defendants knew or should have known of the propensity * * *." The alternative averment, "or should have known of the propensity," renders it bad. Merriweather v. Sayre Mining & Mfg. Co., 161 Ala. 441, 49 So. 916. No facts or circumstances are alleged from which it could be said that defendants should have known of the said propensity.

Demurrer was properly sustained to Count 6 for the reason, if for no other, that it is not alleged therein that the defendants had knowledge of the fact that the dog was "dangerous."

For the error in sustaining the demurrer to Count 2 of the complaint, the judgment is reversed, the nonsuit is set aside, the demurrer to Count 2 is overruled, and the cause reinstated and remanded. See Nelson v. U. S. Fidelity & Guaranty Co., 253 Ala. 202, 43 So.2d 404.

Reversed, rendered and remanded.

LIVINGSTON, C. J., and BROWN and STAKELY, JJ., concur.