On November 22, 1978, David Allen, then two years old, was playing on a porch at the Allen residence when a dog attacked him. The dog that bit David was later identified as the dog which had taken up at the home of Whitehead, the defendant and appellee herein, approximately one and a half years prior to the incident in question. As a result of the attack, David suffered facial cuts, a severed muscle in his left eye, a hole in his left ear, and scarring over his forehead.
After the attack, the dog was picked up by the Humane Society and placed in quarantine. Whitehead subsequently had the dog placed in a private veterinary clinic, from which the dog allegedly escaped. Following the dog's escape, David underwent rabies treatment. Whitehead later found the dog and placed it in another veterinary hospital for the duration of the quarantine period.
On July 10, 1981, David, through his father, appellant herein, filed a complaint against Whitehead, the alleged owner of the dog. The complaint alleged that "as a proximate result of defendant's negligence and violation of various state and municipal ordinances plaintiff's child was injured. . . ." On November 5, 1981, Whitehead filed an affidavit and a motion for summary judgment based on the ground that there was no genuine issue as to whether Whitehead had any reason to believe his dog had vicious propensities at the time of the attack.
A hearing on the motion for summary judgment was scheduled for December 10, 1981. Appellant filed no counter-affidavit, but joined issue on the basis of law and the sufficiency of appellee's affidavit. Appellant also filed an amended complaint. Appellant avers in the first claim of his amended complaint that the dog was trespassing on appellant's property. In his brief, appellant argues that Whitehead is liable for the trespassing activities of the dog and cites Code 1975, § 3-1-5, to support his proposition that Whitehead should have confined the dog. In his second claim, appellant avers that "after the attack the defendant removed said dog from quarantine at the humane society and said defendant negligently allowed said dog to escape and this negligence caused plaintiff to undergo rabies treatment." Appellant contends that Whitehead had a duty to comply with Code 1975, § 3-7-9, which deals with confinement of animals which have bitten humans. Appellant submits that this duty was breached and, as a proximate result, David was caused to undergo rabies treatment.
On December 22, 1981, the trial court granted Whitehead's motion for summary judgment and, further, dismissed plaintiff's amended complaint. We affirm the trial court's order granting summary judgment directed to the claim in appellant's original complaint and reverse the trial court's order dismissing the claims of Appellant's amended complaint.
This Court in Kershaw v. McKown, 12 Ala. App. 485, 68 So. 559
(1915), reiterated the common law rule that the owner of a dog is not liable for acts of the dog unless the owner had knowledge of the vicious propensities of the dog that resulted in the injury complained of. In McCullar v. Williams, 217 Ala. 278,116 So. 137 (1928), the Court stated, "[p]revious knowledge of the animal's vicious habits must be alleged and proved," although positive proof is not always necessary.217 Ala. at 280, 116 So. at 138. This Court held in Owen v.Hampson, 258 Ala. 228, 62 So.2d 245 (1952), that the common law rule was still applicable in Alabama. The most recent case isReddett v. Mosley, 45 Ala. App. 38, 222 So.2d 369 (1969), wherein the Court of Civil Appeals stated: "The rule is one of judicial notice and requires proof of the defendant's knowledge (actual or imputed) of the domestic animal's dangerous propensity as a sine qua non in the elements of the claimed negligence." 45 Ala. App. at 40, 222 So.2d at 370. *Page 837 
Appellant cites Code 1975, § 3-6-1, which creates liability for the owner of a dog for injuries to a person who is bitten by that dog while on the owner's premises, in support of its proposition that this Court should abandon the common law rule in favor of a rule imposing strict liability on the owner of a dog for its activities. Appellant questions the logic of a rule which imposes a greater burden on an owner whose dog attacks someone on the owner's premises than it does on an owner whose dog attacks someone while the dog is trespassing.
We can only answer that this is a policy decision that has been made by the Legislature, Johnson v. Republic Iron SteelCo., 212 Ala. 149, 102 So. 44 (1924), and unless the Legislature acts to extend the owner's liability in situations such as the one before us, we are constrained to hold that the common law rule applies: that previous knowledge of the animal's dangerous propensity, whether it be shown by positive proof or inferred from the circumstances, must be alleged and proved.
Next, we consider the issue of whether there was sufficient evidence to authorize the granting of summary judgment on the issue of scienter. A motion for summary judgment may be granted only when there is no genuine issue as to a material fact and the moving party is entitled to a judgment as a matter of law.Fountain v. Phillips, 404 So.2d 614, 618 (Ala. 1981). The moving party is required to establish the absence of a genuine issue as to any material fact. Gray v. WALA-TV, 384 So.2d 1062,1066 (Ala. 1980), and all reasonable inferences from the facts are to be viewed most favorably to the non-moving party.Chiniche v. Smith, 374 So.2d 872, 873 (Ala. 1979).
Appellant Allen asserts that there is a genuine issue of material fact relating to the alleged vicious propensities of the dog and the knowledge of appellee as to such propensities. Our examination of the record in its factual context reveals the following. In answers to interrogatories propounded by appellee, appellant stated in substance that (1) the dog was large and mean looking and frequently barked at neighbors; (2) the dog was allowed to run wild; and (3) the dog frequently chased cars and barked at them. On the other hand, appellee, by way of affidavit and also in answers to interrogatories propounded by appellant to him, in effect, stated: (1) the dog was friendly and "enjoyed" playing with his children and other children in the neighborhood; (2) appellee had never received any complaints from anyone nor had any reason to believe that the dog represented any kind of threat to anyone; (3) there was nothing aggressive or threatening about the dog's manner or behavior, but on the contrary, his disposition was quiet and gentle, and the dog was affectionate and enjoyed being petted; and (4) that to the best of the knowledge and belief of appellee, the dog had never bitten anyone prior to the instance in question. Appellee admitted that the dog was not confined.
Considering the evidence submitted to the trial court on appellee's motion for summary judgment most favorably to appellant, the nonmoving party, we cannot find that there existed a genuine issue of material fact. Accordingly, we hold as a matter of law that evidence that a dog was large and mean looking, chased and barked at cars, and frequently barked at neighbors is not sufficient to present an issue of fact as to the dangerous propensities of such an animal.
In support of his contention that Whitehead had notice of the dog's dangerous propensities, appellant also points out that Whitehead has admitted in an affidavit that the dog had a playful nature. Appellant contends that Whitehead's knowledge of the dog's playful nature is sufficient evidence to present a jury question as to whether circumstances existed from which it could be inferred that Whitehead had notice of the animal's "mischievous propensities." Appellant cites Owen v. Hampson, in which this Court, quoting from a previous opinion, stated: *Page 838 
 "Previous knowledge of the animal's vicious habits must be alleged and proved. But positive proof is not always necessary. It may be inferred from the circumstances. But the knowledge of the vicious habits of an animal need not refer to circumstances of exactly the same kind. All that the law requires to make the owner or keeper liable is knowledge of facts from which he can infer that the animal is likely to commit an act of the kind complained of."
258 Ala. 228, 232, 62 So.2d 245, 248 (1952), quoting Strouse v.Leipf, 101 Ala. 433, 438, 14 So. 667, 668 (1893) (emphasis added). In his treatise, Professor Prosser has also stated that notice of the character of the animal "must extend to the trait or propensity which caused the damage." W. Prosser, Handbook ofthe Law of Torts, § 76 (4th ed. 1971). Accordingly, notice of an animal's playful character is not notice that it will viciously attack and bite a person. Liability is limited to the particular risk known to the defendant.
In Owen v. Hampson, 258 Ala. 228, 62 So.2d 245 (1952), the defendant's dog ran out and overturned plaintiff's motorcycle while plaintiff was riding on a public street. This Court stated that the law makes no distinction between an animal dangerous from playfulness and one dangerous from viciousness, but places on the owner a burden of restraint when he knows of the animal's dangerous propensities. 258 Ala. at 232,62 So.2d at 248. The crucial issue remains whether the owner knows or has reason to know of the animal's dangerous propensities. This is not a case where the plaintiff was knocked down or injured in a manner traditionally associated with an overly friendly dog. The claim and the evidence is that David was attacked and bitten. Knowledge of an animal's playfulness would not provide sufficient notice that the dog would be likely to act in the harmful manner alleged in this incident.
Next, we consider the trial court's dismissal of appellant's amended complaint. Whether or not the plaintiff will be successful in his efforts to make out a case on proof, he is entitled to proceed where his complaint states some legal theory which will support a claim for relief, particularly in a case such as this where the defendant has not filed a motion to dismiss under Rule 12 (b)(6). Snyder v. Faget, 295 Ala. 197,204, 326 So.2d 113, 119 (1976). It would be inappropriate, absent either a motion to dismiss or a motion for summary judgment as to the theories of appellant's amended complaint, for this Court to speculate on whether appellant could prove a set of facts to support those claims. The Court concludes that the order dismissing the amended complaint is due to be reversed and the cause remanded for consideration of the claims stated in the amended complaint.
The judgment appealed from, therefore, is affirmed in part, and reversed in part, and the cause remanded.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
TORBERT, C.J., and MADDOX, FAULKNER, JONES, ALMON, SHORES, EMBRY, BEATTY and ADAMS, JJ., concur.