L. CHARLES WRIGHT, Retired Appellate Judge.
This is an appeal from the trial court’s granting of a motion for summary judgment in a suit filed by Martha Goff, wherein she sought damages for personal injury sustained from a dog bite. On appeal Goff contends that the trial court erred when it found that there was no genuine issue as to any material fact and that Thomas W. Dun-ham, the owner of the dog, was entitled to judgment as a matter of law.
In cases seeking damages for injuries sustained from a dog bite, the plaintiff must plead and prove that the owner of the dog had knowledge of, or had reason to know of, the dog’s dangerous propensities. Rucker v. Goldstein, 497 So.2d 491 (Ala.1986); Allen v. Whitehead, 423 So.2d 835 (Ala.1982). The trial court may grant a motion for summary judgment only if there exists no genuine issue of material fact and it appears that the moving party is entitled to judgment as a matter of law. Allen, 423 So.2d 835.
Goff contends that whether Dunham had knowledge of his dog’s vicious propensities is question of fact and that she produced *716 more than a scintilla of evidence on this fact in opposition to his motion for summary judgment. Our examination of the record reveals that Goff testified in her deposition that she did not know whether anyone had ever been bitten by Dunham’s dog before or if anyone had ever complained to Dunham about his dog before. She also testified in her deposition as follows:
“Q. Do you contend that Mr. Dunham had knowledge prior to your accident that the dog was vicious?
“A. I don’t know. I can’t answer that.”
Goff further relied upon the deposition and affidavit of Wayne Medlock, wherein he testified that a dog in front of a house on Trailwood Drive East in Mobile, Alabama, knocked him off of his bicycle when the dog hit the wheel of his bicycle. Med-lock further stated that a woman came out of the house and asked if he was all right. However, Medlock stated that the woman did not identify herself, nor did she indicate that the dog was hers. When questioned during the course of the deposition, Med-lock could not describe the woman other than as a white adult female. Medlock also testified that he does not remember the color or breed of dog and that he would not recognize the dog if he saw him again.
Medlock also stated that he did not know if Dunham owned a dog and that he was not aware of the dog’s biting anyone else, nor had he heard anyone in the neighborhood say that Dunham’s dog was mean or that it had bitten anyone.
None of this evidence contradicts Dun-ham’s statement in his affidavit that he had no prior knowledge of any vicious propensities on the part of his black and tan hound dog. Dunham also stated in his affidavit that his children and other children in the neighborhood play with the dog and ride their bikes in its presence with no problems whatsoever.
We hold that the trial court was correct in granting Dunham’s motion for summary judgment. Goff failed to produce any admissible evidence which indicated that Dun-ham had prior knowledge of the dog’s dangerous propensity.
This case is affirmed.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e) of the Code of Alabama of 1975. This opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.