TORBERT, Chief Justice
(concurring specially).
I concur specially in order to make it clear that the holding in this case does not detract from the result reached in our prior holdings, i.e., that the propensity of a dog to bark and chase does not constitute a vicious propensity. In Allen v. Whitehead, 423 So.2d 835 (Ala.1982), this Court wrote:
“Accordingly, we hold as a matter of law that evidence that a dog was large and mean looking, chased and barked at ears, and frequently barked at neighbors is not sufficient to present an issue of fact as to the dangerous propensities of such an animal.”
423 So.2d at 837. Allen was a dog bite case and it is clear that what this Court meant in that case is that the propensity of a dog to bark and chase is not a vicious propensity. This conclusion is supported both by our recent holding in Rucker v. Goldstein, 497 So.2d 491 (Ala.1986), and our holding in Owen v. Hampson, 258 Ala. 228, 62 So.2d 245 (1952).
In Owen, we held that “the law makes no distinction between an animal dangerous from viciousness and one merely mischievous or dangerous from playfulness, but puts on the owner of both the duty of restraint when he knows of the animal’s propensities.” Owen, 258 Ala. at 232, 62 So.2d at 248. In other words, a canine can be dangerous either because it is vicious or because it is mischievous. As appellants point out in their brief, this is a dog “fright” case as opposed to a dog bite case, i.e., it is a mischievous propensity case. I agree that summary judgment was improper, because there is evidence that the appel-lee had knowledge that her dogs had the mischievous propensity to bark and chase people and therefore that she was on notice that an act such as that alleged to have caused Davis’s injuries might occur. However, I am concerned that this holding may create an apparent inconsistency in the law.
BEATTY, J., concurs.