MADDOX, Justice.
This appeal raises an issue regarding the liability of a dog owner for allowing the dog to run at large on the pubhc streets and roadways. The plaintiffs, James B. Williams and his wife, Bertha, appeal from a summary judgment in favor of the defendant, Wilham Hill.
The specific question presented is whether a dog owner, who under Alabama law is charged with the general knowledge of the propensities of the breed of animal he or she owns, should be charged with the general knowledge that all dogs chase motor vehicles.
Through able counsel, the plaintiffs contend that “in our society today, given both the increasing number of motor vehicles and roadways, as well as the number of dogs kept as pets,” such a rule, imposing liability on dog owners for injuries proximately caused by the dog’s chasing a motor vehicle, is necessary. After thoroughly reviewing the principles of law applicable to injuries caused by dogs allowed to go upon pubhc roadways, we hold that the owner of a dog may not be charged with the general knowledge that all dogs chase motor vehicles, and therefore that the law will not impute such general knowledge to dog owners in actions for injuries incurred. We, therefore, affirm the defendant’s summary judgment.
The defendant Wilham Hill owns a golden retriever named “Buddy Bear.” On August 25, 1990, Hill was outside working on his car while Buddy Bear roamed the yard. The plaintiffs were riding a motorcycle on an *383 unpaved public roadway in front of Hill’s house. Buddy Bear ran out onto the road and collided with the Williamses’ motorcycle, causing it to crash. The Williamses were severely injured. They sued in the Circuit Court of Elmore County, claiming that Hill had negligently allowed the dog to roam. They further alleged that Hill had not properly trained, supervised, and otherwise maintained reasonable control over Buddy Bear. They also claimed that Hill knew of Buddy Bear’s propensity to roam and chase cars, and they averred that Hill was responsible for their injuries under the provisions of Ala.Code 1975, § 3-6-1.
Hill filed a motion for summary judgment, supported by filings indicating that, before the accident, he was unaware of any propensity on the part of his dog to chase motorcycles. After a hearing, the Elmore Circuit Court entered a summary judgment for Hill.
The standard of review applicable to a defendant’s summary judgment motion is well established. Rule 56(c), Ala.R.Civ.P., provides that a summary judgment is proper when the movant makes a prima facie showing that there is no genuine issue of material fact and that the movant is entitled to a judgment as a matter of law, unless the nonmovant rebuts that showing by substantial evidence creating a genuine issue of material fact. See § 12-21-12, Ala.Code 1975; Cain v. Sheraton Perimeter Park S. Hotel, 592 So.2d 218, 219-20 (Ala.1991).
Regarding the Williamses’ assertion that the defendant is responsible for their injuries under § 3-6-1, Ala.Code 1975, we hold that under the facts of this case, that section is inapplicable. Section 3-6-1 provides a remedy for injuries incurred “when the person so bitten or injured is upon property owned or controlled by the owner of such dog at the time the bite or injury occurs or when such person has been immediately prior to such time on such property and has been pursued therefrom by such dog.” It is undisputed by the parties that at the time of the accident the Williamses were riding in front of Hill’s home on a public roadway, and that they had never entered the Hill property. Because of those facts, § 3-6-1 is clearly inapplicable, and the summary judgment was properly entered for the defendant on this particular claim.
Because we find that there was no statutory cause of action, we now consider whether there could be an action under the common law, which would be governed by common law principles of negligence.
It is well settled in Alabama that an owner of a domestic animal is not liable for an injury caused by the animal unless it is shown that the owner had previous knowledge of the animal’s dangerous or mischievous propensities. Davis v. Ulin, 545 So.2d 14, 16 (Ala.1989); Rucker v. Goldstein, 497 So.2d 491, 493 (Ala.1986); Durden v. Barnett, 7 Ala. 169, 170 (1844).
This Court considered a similar factual situation in Owen v. Hampson, 258 Ala. 228, 62 So.2d 245 (1952). The plaintiff in Owen sued after he was knocked from his motorcycle by a dog on the streets of Anniston; the trial court sustained the defendant’s demurrer. On appeal, this Court examined the plaintiffs complaint and reversed on one count wherein the plaintiff alleged that the defendant possessed knowledge of the dog’s vicious or mischievous propensities. This Court held that that allegation was sufficient to withstand the demurrer, and sent the case back to the trial court.
The only evidence presented by the Williamses to show that Hill was aware of Buddy Bear’s tendency to chase cars or to cause mischief was that Hill had built a pen for the dog a month after the accident and that the dog had been involved in a fight with another dog nearly a month after the accident. We agree with the defendant that this evidence is insufficient under Alabama law to create a genuine issue of material fact. See Allen v. Whitehead, 423 So.2d 835 (Ala.1982) (evidence that dog was large and mean looking, that it chased and barked at cars, and that it frequently barked at neighbors was not sufficient to present an issue of fact as to vicious propensities of the dog and as to the owner’s knowledge thereof).
Alternatively, the plaintiffs cite King v. Breen, 560 So.2d 186 (Ala.1990), and contend that this case presents a question of fact as *384 to whether Hill created a dangerous condition by neglecting to pen or otherwise control his dog. An examination of the King case reveals that when the dog in that case attacked the plaintiff, it was underfed, had been injured, and had previously jumped upon another child after escaping from a fenced area. We held in that ease that the evidence presented a jury question as to whether the dog’s owners, in the exercise of ordinary care, should have realized the dog’s condition and kept it from coming in contact with children. In holding that the evidence presented a question of fact, this Court noted that “[t]his holding is not inconsistent with Alabama law, which requires a showing that the owner has ‘knowledge of facts from which he can infer that the animal is likely to commit an act of the kind complained of.’” King v. Breen, 560 So.2d at 190. The evidence in this present case, however, shows that the dog in question was well cared for, had never previously been confined, and had no history of previous attacks; therefore, the summary judgment was properly entered for the defendants on the plaintiff’s claims of negligence.
The Williamses ask this Court to hold that a dog owner who permits a dog to run freely upon a public roadway can be held hable if its running freely causes an injury to a person or damage to a motor vehicle. In short, the Williamses ask this Court to establish a rule of strict liability in such a situation. This we decline to do. The law in Alabama is firmly settled to the contrary, both in numerous eases and as codified in § 3-5-3(a), Ala.Code 1975, which states:
“The owner of such livestock or animal being or running at large upon the premises of another or upon the pubhc lands, roads, highways or streets in the state of Alabama ... shall not be hable for any damages to any motor vehicle or any occupant thereof suffered, caused by or resulting from a colhsion with such stock or other animal, unless it be proven that such owner knowingly or wilfully put or placed such stock upon such pubhc highway, road or street where such damages were occasioned.”
Because there was no evidence presented to suggest that Hill placed Buddy Bear in the road knowingly or willfully, we hold that he is not hable under § 3-5-3(a) for the Williamses’ injuries.
The Williamses also ask this Court to charge ah dog owners with the general knowledge that all dogs chase motor vehicles, and to hold that failing to properly train, supervise, or maintain control over a dog so as to prevent it from running on a pubhc roadway is an act of active neghgence. If we estabhshed this rule of liability, we would be extending substantially the principle of law set out in Humphries v. Rice, 600 So.2d 975 (Ala.1992), wherein we held that ah owners or keepers of animals will be charged with the knowledge of the propensities of the breed of animal they own. We decline to extend that holding.
Based on the foregoing, the judgment of the trial court is affirmed.
AFFIRMED.
SHORES, HOUSTON, KENNEDY, INGRAM and BUTTS, JJ., concur.
COOK, J., concurs in the result.