263 So.2d 688

**Mrs. Willie B. LOLLEY**

v.

**ALLSTATE LIFE INSURANCE COM-PANY, a Corporation.**

**4 Div. 46.**

Court of Civil Appeals of Alabama.

June 14, 1972.

W. H. Baldwin, Andalusia, for appellant.

Powell & Sikes, Andalusia, for appellee.

BRADLEY, Judge.

Mrs. Willie B. Lolley has appealed to this court the judgment rendered against her by the Circuit Court of Covington County denying her claim against Allstate Life Insurance Company that she was due $4,916.67 as beneficiary under a life insurance policy issued on the life of her deceased husband.

The case was submitted to the court sitting without a jury on an agreed stipulation of facts. After receiving an adverse judgment, appellant moved for a new trial, which said motion was denied. Subsequent to this ruling, appellant perfected her appeal to this court from the final judgment and ruling on motion for new trial.

Appellant files two assignments of error, one attacking the final judgment, the other attacking the ruling on the motion for new trial.

Appellant argues that the trial court erred in finding for appellee because said insurer accepted premiums from the insured with knowledge of a breach of a condition of the policy and therefore waived the breach.

The alleged breach occurred, according to appellant, when the insured failed to pay the February premium on or before its due date, i. e., February 15, 1968.

The policy shows that application therefor was made by appellant's deceased husband on September 8, 1967. Accompanying the application was a payment of $15.66, and on September 28, 1967, appellant's deceased husband made another payment of $4.20.

Appellee issued a policy with an effective date of October 15, 1967. The policy provided that premiums of $9.93 per month were payable in advance. The policy was paid up through December 15, 1967, i. e., $15.66 plus $4.20 equals $19.86, or two monthly payments of $9.93 each.

The following is a schedule of payments made by appellant's deceased husband on this policy:

| | | |
|---|---|---|
| Dec. | 15, | 1967—$9.93 |
| Jan. | 15, | 1968—$9.93 |
| March | 11, | 1968—$9.93 |
| April | 5, | 1968—$9.93 |
| May | 3, | 1968—$9.93 |
| June | 1, | 1968—$9.93 |
| July | 12, | 1968—$9.93 |

These were the only payments made prior to appellant's husband's death.

The policy provided that there was to be a thirty-one day grace period for the payment of premiums and if payment was not made on or before the due date or within thirty-one days thereof, the policy would "immediately terminate and have no further value."

A careful analysis of the payment schedule will reveal that appellant's husband made payments on or before the due date through January 15, 1968; then made the next payment, which was due on February 15, 1968, on March 11, 1968, which was within the grace period. The next payment for the period March 15 to April 15 was made on April 5, 1968; the payment due for the period April 15 to May 15 was made on May 3, 1968; the payment made for the period May 15 to June 15 was made on June 1, 1968; and the final payment, for the period June 15 to July 15 was made July 12, 1968. Thereafter no further payments were made on the policy in question.

Appellant's husband died on August 25, 1968.

For the period July 15 to August 15 no payment was made and it was due on July 15 and delinquent on August 16, 1968.

On September 6, 1968 appellee, after being notified of appellant's husband's death, informed appellant that the policy had lapsed prior to her husband's death, and her claim could not be paid.

 It is apparent from the facts of this case that the policy, by its provisions, lapsed for nonpayment of premiums and appellee correctly denied the claim.

 The rule in this jurisdiction is that the forfeiture clause in a life insurance policy for nonpayment of premiums is valid and binding on the parties to the agreement. Norris v. New England Mutual Life Insurance Co., 198 Ala. 41, 73 So. 377; and Johnson v. Commonwealth Life Ins. Co., 223 Ala. 668, 138 So. 257.

 Appellant's argument that there was a breach of the condition of the policy, i. e., that appellant's husband failed to make the February payment of $9.93, and appellee, by accepting future payments, waived said breach of the policy, is without factual foundation. The schedule of payments set out above shows that all payments were made within the grace period and there was no breach of condition which appellee could waive.

The policy having lapsed for the failure of appellant's husband to make payments as stipulated in the policy, the appellee is absolved from any duty to make payment as claimed by appellant, and the trial court's judgment is due to be and is affirmed.

Affirmed.

WRIGHT, P. J., and HOLMES, J., concur.