These are appeals by the beneficiary of a life insurance policy from a summary judgment for The Prudential Insurance Company of America on two counts of Plaintiff's complaint. The judgment was made final by certification pursuant to Rule 54 (b), A.R.Civ.P. We affirm.
William L. Appling was the insured under several life insurance policies with Prudential. Georgia Williams, Plaintiff/Appellant, was the beneficiary of a $10,000 policy on Appling's life. Contending that the policy in question had lapsed due to nonpayment of the premium and had not been reinstated before the death of the insured, Prudential declined to pay the proceeds of the policy to Williams.
Williams sued, alleging, among other things, that Prudential had breached the contract of insurance by failing to pay the policy proceeds, and claiming damages for wrongful conversion of the policy. From Prudential's summary judgment on these two claims, Williams appeals.
Appellant contends that Appling, and Clennon Kasal, Prudential's agent, established a pattern of conduct pursuant to which Appling would pay the premiums on his selected policies. Kasal visited Appling periodically to pick up a check for the premiums. These premiums were paid on the due date, or within the grace period of each month, except for one premium that was due on January 16, 1980. Because of Appling's failure to pay that particular premium within the grace period, the policy lapsed, but, Appellant contends, it was reinstated by check dated March 19, 1980, signed by Appellant Williams.
The trial court made the following findings of fact:
 "4. The premium due on March 16, 1981, for the suit policy, with a grace period of 31 days to April 16, 1981, was not paid, and when Appling was called on for the premium, he informed Defendant's agent that he was unable to pay the premium at that time, and he requested the agent to return the next week with the hope that he would then have sufficient funds to reinstate the policy. Though sought by the agent, Appling was not seen by the agent thereafter. Appling died on April 26, 1981, without ever reinstating the suit policy.
". . .
 "6. The charge that this Defendant waived the forfeiture provisions contained in the suit policy by establishing a custom and practice of accepting late, irregular or erratic payments of premiums is not sustained by the undisputed documentary evidence."
Moreover, the trial court found, as a matter of law, that acceptance of premiums during the grace period does not establish a custom or habit which waives the forfeiture provisions in the policy. Lolley v. Allstate Life InsuranceCompany, 48 Ala. App. 230, 263 So.2d 688 (Ala.Civ.App. 1972). We agree. In order for Williams to recover, she must show that a policy was in effect, or that the company had waived the forfeiture provisions for nonpayment. This she did not do.
Even if we found that such a custom or course of conduct was established, the outcome of this case would not change. Kasal came by for the payment due and was told to return later, which he did. Still, he was not paid, and the policy lapsed. *Page 687 
Furthermore, Williams made no showing that Appling had knowledge that Prudential had habitually accepted premiums after the policy was in default, and that Appling had relied on that custom or habit at the time in question. Childress v.Foremost Insurance Company, 411 So.2d 124 (Ala. 1982). Only once did Prudential accept a payment after the grace period had expired, and that acceptance was concurrent with an application for reinstatement of the policy.
Therefore, because we find no error in the trial court's order, the judgments are due to be, and they hereby are, affirmed.
AFFIRMED.
TORBERT, C.J., and MADDOX, SHORES and BEATTY, JJ., concur.