Georgia Williams, the named beneficiary of a life insurance policy, appeals the judgment granted in favor of Prudential Life Insurance Company of America (Prudential) and its agent Clennon Kasal, in an action by Williams to collect the proceeds of the policy. We affirm.
William L. Appling purchased the life insurance policy in question from Prudential in 1979. Appellant Williams was the designated beneficiary of the policy, which had a face value of $10,000.00. Appling died on April 26, 1981. Prudential refused to pay the policy proceeds to Williams on the basis of lapse in premium payments by Appling.
In September 1981, Williams filed suit against Prudential and Clennon Kasal, the insurance agent for Prudential with whom Appling conducted business. Her complaint *Page 1201 
alleged four causes of action. Count 1 alleged breach of contract against Prudential for the $10,000.00 face value of the policy. Count 2 alleged conversion of the policy by Prudential. Count 3 alleged fraud and misrepresentation by both Prudential and Kasal. Count 4 alleged bad faith refusal to pay by Prudential.
The trial court granted a motion to dismiss in favor of Kasal in January 1982. This Court reversed that judgment in Williamsv. Kasal, 429 So.2d 1008 (Ala. 1983), holding that William's complaint stated a cause of action against Kasal for fraud and deceit.
The trial court also granted a motion to dismiss in favor of Prudential in January 1982, dismissing the bad faith cause of action, but leaving intact the claims for breach of contract, conversion, and misrepresentation. This action was not appealed at that time.
In August 1983, the trial court granted a motion for partial summary judgment in favor of Prudential on the contract claim, and denied a motion by Williams for summary judgment on the contract claim and on the liability issue of the conversion claim. Williams appealed. This Court affirmed that summary judgment in Williams v. Prudential Insurance Company ofAmerica, 447 So.2d 685 (Ala. 1984).
In May 1984, the trial court granted summary judgment in favor of Prudential on the remaining causes of action — Count 2 for conversion and Count 3 for misrepresentation. The court ordered that Prudential pay into the court for the plaintiff the non-forfeiture benefits provided for in the insurance policy, amounting to $191.21, out of which court costs would be deducted. Williams now appeals that summary judgment and the prior dismissal of the bad faith claim.
We first address whether the trial court was correct in granting summary judgment on the conversion cause of action. In reviewing a summary judgment, we must determine whether there exists any genuine issue of material fact, and if not, whether the substantive law was correctly applied to undisputed facts.Watts Construction Co. v. Cullman County, 382 So.2d 520 (Ala. 1980).
The material facts of this case are not in dispute. William Appling paid the premiums due on his life insurance policy directly to Kasal, Prudential's agent. Kasal visited Appling at his place of business every month to collect the premium. The premiums were paid on the date due or within the grace period of each month, except for the premium due on March 16, 1981. The grace period for payment of this premium expired on April 16, 1981, and Appling had not paid Kasal. Appling died on April 26, 1981, without making the payment.
Kasal went to Williams's house and had her fill out a proof of claim form on the policy. Kasal represented to Williams that Prudential would pay certain benefits to her. Kasal claims that the policy had lapsed and the benefits he referred to were the non-forfeiture benefits due under the policy. Williams states that she was told by Kasal that the "policy benefits" would be paid to her if she delivered the insurance policy to Kasal. Prudential subsequently declined to pay the fact amount of the policy, and Williams declined to accept the non-forfeiture benefits tendered to her by the insurance company.
Williams's conversion claim is based on the allegation that Prudential took possession of her physical property, the insurance policy, and refused to return it to her, even though she demanded its return and refused to accept the non-forfeiture benefits offered to her. Williams correctly argues that an insurance policy may be the subject of conversion. This Court reached that conclusion in Hamilton v.Hamilton, 255 Ala. 284, 51 So.2d 13 (1950). The issue arising in this case, however, is whether an insurance policy which has lapsed can be the subject of conversion. We are of the opinion that it cannot.
In Williams v. Prudential, supra, in which we affirmed the summary judgment granted in favor of Prudential on the contract claim, we held that Williams had not *Page 1202 
shown that the insurance policy was in effect, nor had Prudential waived the forfeiture for nonpayment provisions by establishing a custom and practice of accepting late payments. Since there was no showing that the policy was in effect, Prudential could not be accused of breach of contract.
In light of that holding, we address whether Williams's lapsed insurance policy can be the subject of a conversion action. This Court has stated in this regard:
 It is held that trover will not lie for the conversion of a promissory note or check after it has been paid or legally discharged. Lowremore v. Berry, 19 Ala. 130, 54 Am.Dec. 188; Page v. Skinner, 220 Ala. 302, 125 So. 36.
W.E. Herron Motor Co. v. Maynor, 232 Ala. 319, 167 So. 793
(1936). Similarly, an insurance policy which has lapsed should not be the subject of a conversion action.
The rationale for such a holding is that the taking of something with no value could not harm the plaintiff. The general rule is as follows:
 The lack of value of property, or the apparent lack of value of property, may affect the duty required by law to be exercised in regard to the property, and hence the liability for conversion thereof. Indeed, it has been stated generally that in an action for conversion, the defendant may show in bar of the action that the property alleged to have been converted was of no value. [Footnotes omitted.]
18 Am.Jur.2d Conversion § 79 (1965). Since the insurance policy in dispute had lapsed, and since Williams did not show that it was of special value to her, we hold that the trial court was correct in entering summary judgment for Prudential on the conversion count as a matter of law.
Count 3 of Williams's complaint alleges fraud and misrepresentation, in that Kasal, as agent for Prudential, told Williams that the face amount of the policy would be paid to her if she surrendered possession of the policy to Prudential.
Having determined in Williams v. Prudential, supra, that the policy in dispute had lapsed, we hold that Williams could not show that she was damaged by turning the policy over to Prudential. Thus, even if she could prove the misrepresentations alleged, she could not prove damages. The trial court was correct in granting summary judgment in favor of Prudential and Kasal on the fraud count.
Williams argues that Count 4 of her complaint, alleging bad faith refusal to pay, was improperly dismissed by the trial court. Again, since the insurance policy had lapsed, there was no duty on Prudential's part to pay, and thus there could be no bad faith cause of action. The trial court properly dismissed that claim.
Appellant's final argument is that court costs should not have been taxed against her. We find no merit to this argument either.
For the above-stated reasons, the judgment of the Circuit Court of Mobile County is affirmed.
AFFIRMED.
TORBERT, C.J., and FAULKNER, ALMON and EMBRY, JJ., concur.