ADAMS, Justice.
The plaintiffs, Georgetta Davis and her mother, appeal from a summary judgment in favor of the defendant, Susan Ulin, in a personal injury action. Davis suffered injuries when she fell due to an attack by Ulin’s dogs. Plaintiffs argue on appeal that sufficient evidence was presented that Ulin knew that her dogs had the propensity to commit the acts the plaintiffs claim caused Davis’s injuries. We agree and reverse.
On June 16, 1985, Davis, aged 17, was visiting a friend at the friend’s house in Ozark, Alabama. Davis, her friend, and another girl played a while in the backyard of the house and later began to play in front of the house, running along the street. At this time, the girls saw Ulin’s tw o dogs and two additional dogs running and barking at them. As a result, Davis turned and ran down a hill, and in doing so she fell and injured her knee.
Summary judgment is to be granted only where no genuine issue as to a material fact exists. Allen v. Whitehead, 423 So.2d 835 (Ala.1982). Following the scintilla rule, summary judgment is not to be granted if there is a scintilla of evidence supporting the position of the non-moving party, Fountain v. Phillips, 404 So.2d 614 (Ala.1981), and, in determining whether there is a scintilla, the evidence is to be construed most favorably to the non-moving party. Chiniche v. Smith, 374 So.2d 872 (Ala.1979).
An owner of a domestic animal is not liable for an injury caused by the animal unless it can be shown that the owner had previous knowledge of the animal’s mischievous propensity. Durden v. Barnett, 7 Ala. 169 (1844), followed in Rucker v. Goldstein, 497 So.2d 491 (Ala.1986). According to the deposition of Ulin, she was aware that her dogs had chased and barked at people riding bicycles and/or walking, as well as at automobiles. Therefore, at least a scintilla of evidence was presented that Ulin was aware that her dogs had the propensity to chase and bark at people. It is up to the jury to decide whether Ulin’s dogs caused Davis’s injuries.
Ulin argues that we are not permitted to look at her deposition, because, she claims, her deposition was not before the trial court at the time of its hearing on the motion for summary judgment; therefore, she says, it is not before this Court on appeal. Although Ulin’s deposition was not filed before the hearing on the motion for summary judgment, her deposition was filed prior to the granting of that motion. Fountain v. Phillips, 404 So.2d at 610, says that the court, in ruling, can consider “all evidence of record.” Because Ulin’s deposition was a part of the record before the motion for summary judgment was granted, the judge was not free to ignore it when ruling on the motion. It follows, therefore, that if the judge was not free to ignore the deposition, then this Court can consider it when reviewing the ruling. Because it is clear that at least a scintilla of evidence is present indicating that Ulin knew her dogs had the propensity to do the acts that the plaintiffs claim caused Davis’s injuries, the judgment of the circuit court is reversed and the cause is remanded.
REVERSED AND REMANDED.
MADDOX, JONES, SHORES and HOUSTON, JJ., concur.
TORBERT, C.J., and BEATTY, J., concur specially.