Georgetta Davis and her mother, Jo Ann Freeman, appeal from a judgment based upon a jury verdict in favor of defendant Susan Ulin on their complaint alleging that Davis suffered injuries when she fell due to an attack by Ulin's dogs. The facts are stated in the first appeal of this case, Davis v.Ulin, 523 So.2d 365 (Ala. 1988):
 "On June 16, 1985, Davis, aged 17, was visiting a friend at the friend's house in Ozark, Alabama. Davis, her friend, and another girl played a while in the backyard of the house and later began to play in front of the house, running along the street. At this time, the girls saw Ulin's two dogs and two additional dogs running and barking at them. As a result, Davis turned and ran down a hill, and in doing so she fell and injured her knee."
523 So.2d at 366. Davis and Freeman alleged that Ulin knew that her dogs had the mischievous propensity to bark and chase people and, therefore, that she had notice that an act such as that alleged to have caused Davis's injuries might occur. The jury returned a verdict for Ulin, and the issue for our review is whether the trial court erred in denying the plaintiffs' motion for new trial.
Jury verdicts are presumed correct, and this presumption is strengthened by the trial court's denial of a motion for new trial. Therefore, a judgment based on a jury verdict will not be reversed unless it is "plainly and palpably" wrong.Ashbee v. Brock, 510 So.2d 214 (Ala. 1987). See, also, Jawad v.Granade, 497 So.2d 471 (Ala. 1986). In their motion for new trial, Davis and Freeman alleged that the "cumulative effect" of errors at trial denied them a fair trial; that the verdict fails "to do justice"; that the substantial ends of justice require "examination of the facts by another jury"; and that the verdict was unjust.
The record reflects that Ulin's dogs were prone to bark and chase passers-by, cars, and bicycles, but had never bitten or caused injury to anyone until the incident made the basis of the complaint's allegations. The record also reflects that Ulin had never received a complaint from her *Page 16 
neighbors resulting from the dogs' conduct; one neighbor testified that one of the dogs stayed "in his yard" when barking, and "I never knew him to go into the street and follow us" while the neighbor was jogging. At the close of evidence, the trial judge charged the jury that "[i]n order to find the Defendant liable, you must be reasonably satisfied from the evidence that she had knowledge of a propensity or tendency of the animals to do an act which might endanger the safety of persons and property of others. The law makes no distinction between an animal dangerous from viciousness and one merely mischievous or dangerous from playfulness."
An owner of a domestic animal is not liable for an injury caused by the animal unless it can be shown that the owner had previous knowledge of the animal's mischievous propensity.Davis v. Ulin, 523 So.2d at 366, citing Durden v. Barnett,7 Ala. 169 (1844), and Rucker v. Goldstein, 497 So.2d 491
(Ala. 1986). Although the first appeal of this case presented a scintilla of evidence that Ulin had knowledge of her dogs' mischievous propensities, we cannot say that the jury's verdict was "plainly and palpably" wrong in light of testimony of Ulin's neighbors and the lack of any complaint about the dogs' conduct from any person other than Davis. Thus, we find the verdict to be supported by the evidence. Further, Davis and Freeman have presented no evidence of "cumulative" errors at trial; the trial court's instructions to the jury correctly set forth applicable law, and, considering each charge as whole, we find no reversible error. Grayco Resources, Inc. v. Poole,500 So.2d 1030 (Ala. 1986).
AFFIRMED.
HORNSBY, C.J., and MADDOX, ALMON and STEAGALL, JJ., concur.