This appeal[1] by Barbara Grimes is from summary judgments in favor of defendants Liberty National Life Insurance Company (hereinafter "Liberty National"), and Robert E. Henderson, Liberty National's district manager. Mrs. Grimes alleged breach of contract, bad faith refusal to pay an insurance claim, and fraud involving an insurance policy on the life of her husband. The trial court granted the defendants' motions for summary judgment. We affirm.
In April 1980, plaintiff's husband, Roy D. Grimes, purchased a term life insurance policy from agent Jack Balsli of Liberty National, naming the plaintiff as sole beneficiary. On April 27, 1983, Mr. Grimes converted the term policy to a whole life policy.
On August 30, 1983, Mr. and Mrs. Grimes were notified by Liberty National's home office that the policy had lapsed due to nonpayment of premiums. The letter also contained a premium refund check in the amount of $60.23. Mrs. Grimes contends that the premium payments were current because four payments had been *Page 331 
remitted at the time she and her husband received the cancellation notice.
Mrs. Grimes subsequently contacted agent Balsli about the cancellation of the whole life policy. She claims that Balsli admitted that he had failed to remit the policy premiums to Liberty National and had taken the funds for his own personal use.
Over the course of the next several months, Mrs. Grimes received several letters from Liberty National. On September 20, 1983, Liberty National wrote Mr. and Mrs. Grimes and returned $120.46, representing the balance of their premium payments. The letter stated, "We regret your decision to discontinue your coverage," and offered to consider the policy for reinstatement in the future.
On December 8, 1983, Liberty National again wrote Mrs. Grimes and offered to reinstate the policy. In February 1984, defendant Robert Henderson, Liberty National's district manager, came to Mr. and Mrs. Grimes's home. Mrs. Grimes contends that at this time Henderson assured them that Mr. Grimes was covered under the policy of insurance and that Mrs. Grimes had nothing to worry about.
On June 26, 1984, Mrs. Grimes wrote a letter to the state commissioner of insurance, the purpose of which was to complain about agent Balsli. She suggested that because of Balsli's embezzlement of her funds, to allow him to continue to work as an insurance agent was a fraud on the public. She never once claimed that her policy should remain in force without paying premiums because of the agent's actions. In her letter she implied that she knew the policy had lapsed, "We were ask[ed] to reapply more than once to reinstate the life insurance."
Mr. Grimes died unexpectedly, on December 16, 1984. No premiums had been paid on the whole life policy for 15 months after the policy had lapsed in August 1983 for nonpayment of premiums. Mrs. Grimes filed claims and received benefits on other policies of insurance with Liberty National. Mrs. Grimes never filed a claim on the lapsed whole life policy but instead filed suit on July 23, 1985.
Summary judgment is to be granted only where no genuine issue as to a material fact exists. Allen v. Whitehead, 423 So.2d 835
(Ala. 1982). Following the "scintilla rule,"[2] summary judgment is not to be granted if there is a scintilla of evidence supporting the nonmoving party's position. Fountain v.Phillips, 404 So.2d 614 (Ala. 1981). In determining whether there is a scintilla, a court must construe the evidence most favorably to the nonmoving party. Davis v. Ulin, 523 So.2d 365
(Ala. 1988).
 I.
Summary judgment on Mrs. Grimes's fraud count is due to be affirmed, because her reliance on the alleged representation made by Mr. Henderson was unjustifiable as a matter of law. This Court has recently stated that reliance should be assessed by the following standard:
 " 'A plaintiff, given the particular facts of his knowledge, understanding, and present ability to fully comprehend the nature of the subject transaction and its ramifications, has not justifiably relied on the defendant's representation if that representation is 'one so patently and obviously false that he must have closed his eyes to avoid the discovery of the truth.' "
Hickox v. Stover, 551 So.2d 259, 263 (Ala. 1989); quotingSouthern States Ford, Inc. v. Proctor, 541 So.2d 1081, 1092
(Ala. 1989) (Hornsby, C.J., concurring specially).
In the instant case, to support her reliance argument, Mrs. Grimes relies on the alleged statement by Robert Henderson, Liberty National's district manager, that her husband had coverage. We think that Mr. Henderson's representation was clearly "one so patently and obviously false that [Mrs. Grimes] must have closed [her] eyes *Page 332 
to avoid the discovery of the truth." Hickox, supra.
On three separate occasions, August 30, 1983, September 20, 1983, and December 8, 1983, Liberty National wrote Mr. and Mrs. Grimes, offering to reinstate the policy. It was not until February 1984 that Mr. Henderson allegedly made the representation that there was coverage. No premiums had been paid on the policy during this period. Moreover, on June 26, 1984, four months after the alleged representation made by Mr. Henderson, Mrs. Grimes wrote the commissioner of insurance, stating that "[w]e were ask[ed] to reapply more than once to reinstate the life insurance."
The evidence is undisputed that Mrs. Grimes was aware that the insurance policy was not in effect. She had not paid premiums on the policy since it had lapsed in August 1983. Clearly, Mrs. Grimes was not justified in relying on Mr. Henderson's alleged representation. Therefore, the trial court correctly entered summary judgment based on the clear absence of the element of reliance.[3]
 II.
Summary judgment was also properly granted as to Mrs. Grimes's count alleging breach of contract. It is apparent from the facts of this case that the policy, by its provisions, lapsed for nonpayment of premiums. The insurance contract contained the following provisions:
 "A premium which is not paid when due will be in default. The date of default is the due date of the unpaid premium. If it is not paid by the end of the grace period . . . the policy will lapse and cease to be in force unless the policy has a cash value. . . . All insurance will terminate on the date of lapse if the policy has no cash value."
The general rule in Alabama is that unless the policy so provides, the failure to pay the premium on a life insurance contract does not of itself forfeit the contract. EquitableLife Assurance Society of the United States v. Golson, 159 Ala. 508,48 So. 1034 (1909); Security Mutual Life Insurance Co. v.Riley, 157 Ala. 553, 47 So. 735 (1908); Lolley v. Allstate LifeInsurance Co., 48 Ala. App. 230, 263 So.2d 688 (1972). On the other hand, agreements for the forfeiture of an insurance policy for nonpayment of premiums are valid and are enforceable by the insurer. Lolley, supra; Travelers Insurance Co. v.Lazenby, 16 Ala. App. 549, 80 So. 25, cert. denied, 202 Ala. 207,80 So. 29 (1918). Such an agreement was present in this case.
Our examination of the record reveals that there are no facts, which, taken in the light most favorable to Mrs. Grimes, give rise to any inferences upon which she may base a recovery for breach of contract. The policy of insurance lapsed for nonpayment of premiums. Assuming that in February 1984 Mr. Henderson did state that there was coverage under the policy of insurance, premium payments should have been made to extend the coverage from that date. The undisputed facts show that no premium payments were made after August 1983. Therefore, the summary judgment was correctly entered by the trial court on Mrs. Grimes's claim alleging breach of contract.
 III.
Similarly, the summary judgment as to the count alleging bad faith refusal to pay was properly entered by the trial court. To succeed in a bad faith refusal case, the plaintiff has the burden of proving: (a) an insurance contract between the parties and a breach thereof by the defendant; (b) an intentional refusal to pay the insured's claim; (c) the absence of any reasonably legitimate or arguable reason for that refusal; (d) the insurer's actual knowledge of the absence of any legitimate or arguable reason; and (e) if the intentional failure to determine the existence of a lawful basis is relied upon, the plaintiff must prove the *Page 333 
insurer's intentional failure to determine whether there is a legitimate or arguable reason to refuse to pay the claim.National Security Casualty Co. v. Bowen, 417 So.2d 179, 183
(Ala. 1982).
It is axiomatic that a plaintiff alleging a bad faith refusal to pay on a contract of insurance must first show that there was an insurance contract in existence. Gray v. Great AmericanReserve Insurance Co., 495 So.2d 602, 607 (Ala. 1986); MJM,Inc. v. Casualty Indemnity Exchange, 481 So.2d 1136, 1143 (Ala. 1985). Mrs. Grimes has failed to produce any evidence that she continued to pay the premiums on the policy of insurance after notification that the policy had lapsed for nonpayment of premiums. It is clear that there was no insurance contract in existence. Therefore, the trial court correctly entered the summary judgment on Mrs. Grimes's claim alleging bad faith.
AFFIRMED.
HORNSBY, C.J., and MADDOX, ALMON and STEAGALL, JJ., concur.
[1] This is the second time we have been called on to review this case. Grimes v. Liberty National Life Insurance Co.,514 So.2d 965 (Ala. 1987). During the first appeal of this case, we reviewed the validity of a release executed by Mrs. Grimes. We held that the release was effective to release the agent but did not release Liberty National and Henderson. We stated that "the court erred in dismissing Henderson and in granting summary judgment in favor of Liberty National" and that "Grimes is entitled to present her case against them to a jury."514 So.2d at 968. Mrs. Grimes contends in this second appeal that this Court has mandated that she be afforded a jury trial. This contention is without merit. The only issue that was postured before this Court during the first appeal was the validity of the release.
[2] The "scintilla rule" applies in this case because it was pending on June 11, 1987. See Ala. Code 1975, § 12-21-12.
[3] Because we affirm the summary judgment based on the absence of the element of reliance, we need not reach the defendants' contentions that Mrs. Grimes's action for fraud was time-barred by the statute of limitations.