**Mary GAUNTT, Plaintiff,**

v.

**UNITED INSURANCE COMPANY OF AMERICA, et al., Defendants.**

Civ. A. No. 93–D–1130–E.

United States District Court,
M.D. Alabama,
Eastern Division.

April 6, 1994.

Allen W. Howell, Shinbaum & Howell, Montgomery, AL, and Fred David Gray, Jr., Gray, Langford, Sapp, McGowan, Gray & Nathanson, Tuskegee, AL, for plaintiff.

Warren B. Lightfoot, Sarah B. Jackson, Mac M. Moorer, Lightfoot, Franklin, White & Lucas, Birmingham, AL, and James H. Anderson, Beers, Anderson, Jackson & Smith, P.C., Montgomery, AL, for defendants.

## MEMORANDUM OPINION AND ORDER

De MENT, District Judge.

This matter is now before the court on plaintiff Mary Gauntt's motion to remand, filed September 21, 1993. Plaintiff filed a supplemental brief on November 1, 1993. Defendant filed a reply brief on November 12, 1993. For the reasons set forth below, the plaintiff's motion to remand is due to be granted.

### Facts

Except for the presence of the defendant Lewis Chapman, complete diversity would exist between the parties. The defendants removed this action on September 13, 1993, alleging Lewis Chapman, a resident of the State of Alabama, has been fraudulently joined. The defendants contend that the plaintiff has failed to state a claim against Chapman in that he cannot be held liable for the claims of conversion or bad faith. Plaintiff filed a motion to remand which argued that Chapman was not fraudulently joined because the complaint states a valid conversion action against the defendant.

Mary Gauntt was the owner of a life insurance policy that was issued by the defendant Union National Life Insurance Company ("Union"). The policy had a face value of $2,000. Thereafter, Union was acquired by the defendant United Insurance Company of America ("United"). After this acquisition, the plaintiff alleges that she submitted the policy to the defendants with a request that the defendants pay her the accumulated cash value of the policy. The defendants refused to pay her the cash value. The defendants also failed to return the policy to the plaintiff. Plaintiff brought suit against the defendants

for breach of contract, bad faith, and conversion. Lewis Chapman is only named as a defendant in the conversion and bad faith counts.[1] The defendants allege that Lewis Chapman was fraudulently joined in an attempt to avoid the jurisdiction of this court.

### Fraudulent Joinder

■ The doctrine of fraudulent joinder is applicable when the plaintiff, a citizen of the state of the forum, joins a resident citizen defendant with a nonresident defendant. The joinder is fraudulent if the plaintiff fails to state a cause of action against the resident defendant and the failure is obvious according to the settled rules of the state. *See Parks v. New York Times*, 308 F.2d 474, 477 (5th Cir.1962), *cert. denied*, 376 U.S. 949, 84 S.Ct. 964, 11 L.Ed.2d 969 (1964).

> There can be no fraudulent joinder unless it be clear that there can be no recovery under the law of the state on the cause alleged, or on the facts in view of the law as they exist when the petition to remand is heard. One or the other at least would be required before it could be said that there was no real intention to get a joint judgment and that there was no colorable ground for so claiming.

*Parks*, 308 F.2d at 478.

■ The district court must evaluate all factual issues and substantive law in favor of the plaintiff. *Coker v. Amoco Oil Co.*, 709 F.2d 1433 (11th Cir.1983). **If there is a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that the joinder is proper and remand the case to the state court.** *Coker*, 709 F.2d at 1440 (citing *Parks*, 308 F.2d at 477–78) (emphasis added). "The removing party bears the burden of proving that the joinder of the resident defendant was fraudulent." *Cabalceta v. Standard Fruit Company*, 883 F.2d 1553, 1561 (11th Cir.1989) (citing *Coker*, 709 F.2d at 1440).

### Discussion

■ The defendants have asserted that the plaintiff has failed to state a valid cause of action against Lewis Chapman because, under Alabama law, claims of conversion and bad faith cannot be maintained against Chapman. First, as to the bad faith count, the defendants assert that Chapman cannot be sued for bad faith because there is no privity of contract between the plaintiff and Chapman. *See Badners v. Prudential Life Ins. Co.*, 567 So.2d 1242 (Ala.1990). The plaintiff failed to address this argument in her briefs. Therefore, the court finds that Chapman cannot be held individually liable for bad faith absent some evidence that Chapman and the plaintiff were in privity of contract.

■ The remaining issue is whether Chapman can be held liable on the conversion count.

> To recover damages on a claim of conversion, a plaintiff must prove that there has been a "wrongful taking or a wrongful detention or interference, or an illegal assumption of ownership, or an illegal use or misuse of another's property." "The gist of the action is the wrongful exercise of dominion over property in exclusion or defiance of a plaintiff's rights, where the plaintiff has a general or special title to the property or the immediate right to possession."

*Transamerica Commercial Fin. Corp. v. AmSouth Bank*, 608 So.2d 375, 378 (Ala.1992) (citations omitted).

Defendants argue that the allegations in the complaint fail, as a matter of law, to state a claim because plaintiff has failed to allege how the conduct by Chapman has been in exclusion or in defiance of plaintiff's title to and rights under the policy. More specifically, the defendants assert that "[t]he 'property' at issue in this case is *insurance coverage.* The piece of paper which describes the terms and conditions pertaining to insurance coverage is nothing more than a piece of paper. Possession of the paper gives no rights to or control over the insurance coverage." [Defs.'

---

1. Through a series of affidavits, the plaintiff demonstrated that Gauntt delivered the policy to her United agent, Mack Denney. Mr. Denney turned the policy over to Mr. Marvin Cashatt, another United employee. Mr. Cashatt then gave Lewis Chapman the policy. The defendant Chapman is the sales manager of United's Montgomery District Office.

Resp. to Pl.'s Supplemental Br. in Supp. of Mot. to Remand at 3]. Defendants argue that even if Chapman did wrongfully refuse to return the policy, the plaintiff still retains all rights associated with the policy, as if the policy was lost. Therefore, the defendants contend that plaintiff has suffered no injury to support a conversion claim because any wrongful retention of the policy by Chapman has not been "in exclusion or defiance of [the] plaintiff's rights" under the policy.

Section 27–14–1 of the *Code of Alabama* (1986) defines an insurance policy as

> [a] written contract of, or written agreement for, or effecting, insurance, by whatever name called, and includes **all clauses, riders, endorsements and papers attached,** or issued, and delivered for attachment thereto and made a part thereof.

*Ala.Code* § 27–14–1 (1986) (emphasis added). *Black's Law Dictionary* states that the policy of insurance **"constitutes complete evidence of the contract."** *Black's Law Dictionary* 1157 (6th ed. 1990) (emphasis added). The insurance policy contains the terms and conditions of coverage under the contract. It contains the schedule and method of payment of the premiums. It contains the declarations, exceptions, and exclusions of coverage and it contains the name[s] of the beneficiary or beneficiaries under the policy. In other words, the written policy sets forth all of the owner's and the company's rights under the policy and it is the best evidence of the contract between the insured and the insurer.

The defendants' argument that the wrongful retention of the physical policy cannot be the subject of conversion because the retention is not in exclusion of or in defiance of any of the plaintiff's rights under the policy downplays the importance of the written policy. As noted above, the written contract sets forth all of the plaintiff's rights and is the best evidence of the contract between the parties. The State of Alabama has recognized the importance of the insured's right to have a copy of the written contract. *See Ala.Code* § 27–14–19 (1986) (requires insurer to deliver or mail to the insured a copy of the insurance policy).[2] By wrongfully retaining the insurance policy, the defendants have, in effect, denied the plaintiff the ability to know her rights under the policy. This denial is, in and of itself, a violation of the plaintiff's rights. Further, the Supreme Court of Alabama has held that an insurance policy may be the subject of conversion. *See Hamilton v. Hamilton,* 51 So.2d 13 (Ala.1950). The court reaffirmed this basic principal in *Williams v. Prudential Insurance Company of America,* 470 So.2d 1200 (Ala.1985).[3] The wrongful retention of the plaintiff's insurance policy is "in exclusion or defiance of the plaintiff's rights" under the policy.

Having determined the importance of the plaintiff's right to have a copy of the insurance policy and having determined that an insurance policy may be the subject of conversion, the court finds that the plaintiff has stated a valid cause of action for conversion against the defendant Lewis Chapman.

Accordingly, it is CONSIDERED and ORDERED that the plaintiff's motion to remand be and the same is hereby GRANTED.

This action is to be REMANDED to the Circuit Court of Macon County, Alabama. The clerk is directed to effectuate said remand.

2. In fact, to determine the extent and effect of § 27–14–19, the Alabama Supreme Court recently accepted a certified question of law from this court concerning § 27–14–19. The question was as follows:

> In a breach of contract action when an insurer fails to deliver a copy of the policy to an insured in accordance with Ala.Code § 27–14–19 (1986), but does provide a certificate of insurance which sets out general coverage without enumerating the limitations and exclusions, is the insurer estopped from asserting an otherwise valid exclusion?

3. However, the court in *Williams* held that an insurance policy which has lapsed cannot be the subject of conversion.