[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 04-10777

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
June 8, 2005
THOMAS K. KAHN
CLERK

D. C. Docket No. 81-01215-CV-G-S

COMMERCIAL UNION INSURANCE COMPANY, INC.,

Plaintiff-Appellee,

versus

SEPCO CORPORATION,

Defendant-Counter-Claimant-Third Party-
Plaintiff-Appellant,

GREAT AMERICAN INSURANCE
COMPANIES,

Defendant,

CONTINENTAL NATIONAL AMERICAN GROUP,

Counter-Defendants-Third-Party-Defendants-
Appellees,

FIRST STATE INSURANCE COMPANY,
CONTINENTAL CASUALTY COMPANY,
FIREMAN'S FUND INSURANCE COMPANY,
ALABAMA INSURANCE GUARANTY ASSOCIATION,
ASSOCIATED INTERNATIONAL INSURANCE COMPANY,

FORUM INSURANCE COMPANY,
INDUSTRIAL INDEMNITY,
INDUSTRIAL UNDERWRITERS INSURANCE COMPANY,
TWIN CITY FIRE INSURANCE COMPANY,

Counter-Defendants-Third-Party-Defendants.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

**(June 8, 2005)**

Before CARNES and PRYOR, Circuit Judges, and FORRESTER[*], District Judge.

PER CURIAM:

Sepco Corporation appeals the summary judgment in favor of Continental Insurance Company and Transportation Insurance Company (CNA) in this diversity action. Sepco contends that genuine issues of material fact existed regarding (1) whether CNA covered Sepco in 1972-74; (2) whether Sepco was a named insured under the 1984-85 excess policy; and (3) whether Sepco was a named insured under various policies issued between 1987-91. Sepco also contends that the district court abused its discretion when it refused to allow Sepco

_____

[*]Honorable J. Owen Forrester, United States District Judge for the Northern District of Georgia, sitting by designation.

to conduct additional discovery.  We affirm.

Sepco first contends that the district court erred when it held that there was no genuine issue of material fact regarding the 1972-74 policy and that CNA was entitled to summary judgment on this claim.  Under Alabama law, the existence and terms of a policy can be proved through secondary evidence.  Am. Fire & Cas. Ins. Co., Inc. v. Bryan, 379 So. 2d 605, 608 (Ala. Civ. App. 1979).  Sepco proffers as secondary evidence (1) that it knows the policy number, term, and coverage limit, and (2) CNA issued a similar policy for the preceding policy term.  After review of the record, we conclude that the district court did not err when it held that Sepco failed to carry its burden to prove by admissible evidence the existence of the 1972-74 policy.

Sepco cites two sources in support of its contention: the affidavit of an employee, Sheri G. Brutsch, who did not claim personal knowledge of the policy, and the self-styled "Tentative & Preliminary" chart of outside counsel to Sepco. Sepco claims knowledge of the policy number, term, and coverage limit for the missing policy from this chart, which the authors state is "for illustrative use only" and "should not be relied on as a definite source of information."  That evidence is inadmissible to prove the existence of the 1972-74 policy.  Because Sepco bore the burden to prove the existence of a contract for insurance between it and CNA,

Grimes v. Liberty Nat. Life Ins. Co., 551 So.2d 329, 332-33 (Ala. 1989), and Sepco failed to present any evidence from which a reasonable juror could have found that the policy was issued, the district court did not err when it entered summary judgment against Sepco on this claim.

Sepco next contends that the district court failed to recognize that genuine issues of material fact existed regarding the coverage of Sepco under the excess policy and several other policies issued to Fluorocarbon, Inc., which purchased Sepco in 1981. Sepco argues that (1) the 1987-88 policies "necessarily" are missing an endorsement page, because those policies contain the words "et al." and "et al. per endorsement" following the listing of Fluorocarbon as the named insured; (2) Sepco was covered under the 1984-85 excess policy, because that policy was "follow form" coverage and Sepco was a named insured on the underlying policy; and (3) CNA admitted coverage by paying claims and billing Fluorocarbon for Sepco's insurance for years after this suit was filed. We disagree.

Sepco did not argue in the district court that "et al." indicated Sepco was a named insured under the disputed policies, nor did Sepco raise the "follow form" argument in the district court. Because Sepco failed to raise these arguments in the district court, they are waived. Onishea v. Hopper, 171 F.3d 1289, 1305 (11th

Cir. 1999) (en banc).

CNA also did not waive its right to assert lack of coverage as a defense. CNA provided coverage to Sepco under a ruling of the district court. As soon as CNA was able to reconstruct the missing policies, CNA asserted both to Sepco and the district court that Sepco was not covered by those policies. The district court did not err when it granted summary judgment to CNA regarding the disputed policies.

Sepco finally contends that the district court abused its discretion when it denied Sepco the opportunity to conduct discovery regarding the missing and disputed policies, and Sepco asserts that it would have located evidence to support its arguments. Sepco filed a motion in the district court in December 2002 to require the parties to mediate their coverage dispute, and Sepco asked for an expedited summary judgment briefing schedule. Only after CNA filed a cross-motion for summary judgment and raised the argument that Sepco was not a named insured did Sepco ask for additional discovery. Sepco had known for years that CNA disputed coverage; in an affidavit, Rachel Kronowitz, an attorney for Sepco, conceded that Sepco and CNA "discussed . . . whether Sepco is insured under the primary and excess insurance policies issued by CNA to Fluorocarbon for the period from January 31, 1987 through January 31, 1991[.]"

Sepco could have moved at any time to terminate mediation and ask for discovery. Sepco instead sought to compel liability under theories of law-of-the-case and waiver. The district court did not abuse its discretion when it refused to allow additional discovery.

In summary, Sepco failed to present evidence that a genuine issue of material fact existed regarding coverage under the disputed policies. Sepco also failed to demonstrate that the district court abused its discretion when it denied the request of Sepco for leave to conduct additional discovery. The judgment of the district court, therefore, is

**AFFIRMED.**